FOURNET, Chief Justice.
 

 In granting these writs of certiorari on the application of the relators Joseph P. Constance, Traders & General Insurance Company, his collision insurer, and State Farm Mutual Automobile Insurance Company, a third party defendant and insurer of the vehicle in which Mrs. Lee Ann Fontenot, a guest passenger, was injured as a result of its collision with the Constance vehicle on May 20, 1962, we limited our consideration to the alternative request of the relators, i. e., that we review the increase by the Court of Appeal, Third Circuit, of the trial judge’s award to Mrs. Fontenot from $5,000 to $10,000 for the pain, suffering and partial disability she sustained as a result of the collision.
 
 [1]
 
 See, La.App., 159 So.2d 746.
 

 The principles of law applicable to this case are fully set out in the case of Ballard v. National Indemnity Co. of Omaha, Nebraska, No. 47,152, this day decided, and consolidated with this one for argument, and it would serve no useful purpose to reiterate them here.
 

 Counsel for the relators contend that an examination of all of the cases involving somewhat similar injuries do not support the conclusion of the Court of Appeal that the award of the trial judge in the instant case was manifestly insufficient. Instead, they insist a review of all cases that may be comparable, considering the facts and circumstances of this case as found by the Court of Appeal,
 
 [2]
 
 will disclose the
 
 *979
 
 trial judge’s award was adequately fair and therefore should not be disturbed.
 

 We have examined cases
 
 [3]
 
 relied upon by the Court of Appeal for its conclusion that the trial court’s award to Mrs. Fontenot for the injuries she suffered as a result of the accident “ * * * is out of proportion with previous awards made for somewhat similar injuries, and * * * is manifestly insufficient under all the circumstances presented here * * * ” and find they do not support the conclusion that the trial judge abused his discretion inasmuch as the injuries and disabilities of the plaintiffs therein were either different and/or of a much more serious nature.
 

 We think after giving full consideration to all the facts and circumstances of this case that the assessment of damages by the trial judge was fair and adequate and well within the limits of his discretion.
 

 For the reasons assigned, the judgment of the Court of Appeal as it relates to the claim of Mrs. Lee Ann Fontenot is reversed and the judgment of the trial court is affirmed.
 

 [1]
 

 . This is one of the cases referred to in the consolidated cases of Ballard v. National Indemnity Company of Omaha, Nebraska (Craft v. National Indemnity Company of Omaha, Nebraska,) identified in Footnote one of that opinion. See, 246 La. 963, 169 So.2d 64.
 

 [2]
 

 . “Mrs. Fontenot was 19 years of age at the time of the trial, which took place nine or ten months after the accident occurred. Her injuries consisted of a compound comminuted fracture of the tibia and fibula of the left leg, a dislocated left thumb, multiple fractures of the index finger of the left hand, peiosteal disruption of the clavicle and subsequent hemorrhage and calcification in that area, and general contusions and abrasions.
 
 *979
 
 The fractures of the finger were reduced with good recovery. She was hospitalized for ten days, during which time an open reduction of the leg fracture was performed, that procedure requiring the use of a metal plate and screws. Following her release from the hospital she was confined to bod for one week, then used a wheel chair for approximately three weeks, and thereafter she used crutches until January, 1963, which was approximately eight months after the date of the accident. It has not been necessary for her to use crutches since that time. At the time of the trial she walked with a limp, there was some swelling in her leg when she had been on it, and full strength had not yet returned to her left hand. Her treating physician testified, however, that the limp was a natural reaction to the long period of time in which her leg was in a cast, that the swelling would gradually subside, and that she would regain strength in her hand. He felt that she would fully recover from all of her injuries, but he concedfed] that she may develop a mild irritation around the ankle joint as a result of the long period in a cast and she could develop traumatic arthritis in the joints of her injured thumb and finger. She also has a scar on her leg resulting from the wound and the surgical procedure employed in reducing the fracture.”
 

 [3]
 

 . Winn v. Yellow Cab Co. of Shreveport, La.App., 96 So.2d 365; Sedotal v. Fidelity & Casualty Co. of New York, La.App., 77 So.2d 153; Gray v. Great American Indemnity Co., La.App., 121 So.2d 381; Stanford v. Bateman Frozen Foods Co., La.App., 149 So.2d 753.