186 So.2d 645 (1966)
George DUHON, Plaintiff-Appellant-Appellee,
v.
Aurelian CORMIER, Jr., and Firemen's Insurance Company of Newark, New Jersey, Defendants-Appellants, Third-Party Plaintiffs-Appellees,
Lee J. MONLEZUN and Pan American Fire and Casualty Company, Third-Party Defendants-Appellees.
No. 1618.
Court of Appeal of Louisiana, Third Circuit.
January 18, 1966.
On Rehearing April 27, 1966.
*646 Mouton & Roy, by H. Purvis Carmouche, Jr., Lafayette, for plaintiff-appellant-appellee.
Stockwell, St. Dizier, Sievert & Viccellio, by Robert W. Clements, Lake Charles, for defendant-appellee-appellant.
Plauche & Plauche, by S. W. Plauche, Jr., Lake Charles (A. Lane Plauche, Lake Charles, on rehearing) for third-party defendant-appellee.
Before FRUGE, SAVOY and HOOD, JJ.
SAVOY, Judge.
Plaintiff allegedly sustained two accidental injuries, one on June 4, 1963, and the other on June 13, 1963. Plaintiff filed separate suits. For the June 4th accident, plaintiff filed a workmen's compensation suit. For the injury which he claimed occurred on June 13th, he filed an action in tort.
Plaintiff alleged that the June 4th accident occurred while he was working as a carpenter on a residence owned by Mr. Lee J. Monlezun, and this accident resulted in injuries to his head and back. Made defendants were Mr. Monlezun and his compensation carrier, Pan American Fire and Casualty Company.
For the June 13th injury, plaintiff alleged that while employed by Mr. Monlezun and while returning from Lake Charles to Lake Arthur, he suffered injuries to his head and back resulting from a collision between a vehicle driven by a co-employee, Isaac Duhon, and owned by Monlezun, and a vehicle owned and driven by Aurelian Cormier, Jr. Made defendants in this suit were Mr. Monlezun and his liability insurer, Pan American Fire and Casualty Company, Cormier and his liability insurer, Firemen's Insurance Company of Newark, New Jersey, and Isaac Duhon.
Pan American filed a third-party action against Cormier and his insurer. Cormier and his insurer filed a third-party demand against Mr. Monlezun, Isaac Duhon and Pan American.
The cases were consolidated for trial; and after trial on the merits, the district judge dismissed the compensation suit for the reason that the work being done was not in the course of Mr. Monlezun's usual trade, business and occupation. No appeal was taken from this judgment.
In the instant case the court granted judgment in favor of plaintiff and against Aurelian Cormier, Jr., and his insurer, and dismissed the suit against Duhon, Monlezun and his insurer, holding that Cormier's negligence was the sole, proximate cause of the automobile accident.
Plaintiff appealed to this Court. His counsel concedes that the question of liability was correctly resolved by the trial *647 judge, but he has asked for an increase in the award made by the district judge.
Defendants, Cormier and Firemen's Insurance, have also appealed from the judgment of the district court in all respects.
The trial judge found that the accident in question occurred about 4:00 P.M. on June 13, 1963. He stated that prior to the accident Aurelian Cormier, Jr. was driving his car in an easterly direction on Louisiana Highway 14; that he was looking for a private driveway located on the north side of the highway; that when he was approximately one block from the driveway, he looked in his rear view mirror and saw an overtaking vehicle (this truck was being driven by Isaac Duhon), but never again looked in said mirror before making his left turn. As he was making his left turn, the vehicle driven by Cormier and the one driven by Duhon collided in the north lane of Highway 14.
Defendants-appellants contend that Cormier made a slow turn and had his signal indicator working at this time; and that if Duhon had exercised a degree of caution, the accident could have been avoided. On the other hand, plaintiff and appellees contend that Cormier made a sharp left turn and could not have avoided the accident.
The trial judge resolved this important fact in favor of plaintiff and defendants-appellees. After a careful examination of the record, we find sufficient evidence to support the finding of fact by the trial judge. Cormier was grossly negligent in not looking in his rear view mirror before making this dangerous turn. We believe the driver of the Monlezun vehicle did everything possible to avoid the accident. This is borne out by the small amount of damages suffered by both vehicles.
The next and more troublesome problem for decision is whether plaintiff has made a sufficient showing to allow him to recover damages in the instant case.
The record reveals that in the June 4, 1963 accident, plaintiff suffered head injuries and possibly an injury to his back. Counsel for plaintiff contends that the head and back injuries suffered by plaintiff on June 4th were aggravated by the accident of June 13, 1963.
Plaintiff was seen and treated by Dr. Charles D. Brunt after both accidents. For his hear injury plaintiff was referred to Dr. Joseph M. Edelman, a specialist in neurological surgery. He examined plaintiff and had X-rays made of his head. The doctor concluded that plaintiff had not suffered brain injury because of either accident. The doctor could not account for plaintiff's headaches over a long period of time.
As to the back injury, plaintiff was seen by Dr. Brunt on the day after the second accident, or on June 14, 1963. He never did complain about his back until July 29, 1963. On September 6, 1963, Dr. Brunt referred plaintiff to Dr. Edmond C. Campbell, a specialist in orthopedic surgery. Dr. Campbell examined and X-rayed plaintiff's back. The cervical spine was normal. There was some narrowing of the lumbosacral spine with no evidence of bony injury. Dr. Campbell could not find any objective evidence of law back injury. He felt that the symptoms complained of by plaintiff were due to some degree of lumbosacral sprain, and that plaintiff should return to his work as a carpenter within three months from the examination. Dr. Campbell did not prescribe a brace or suggest any type of treatment for the back condition. This was the only time Dr. Campbell saw plaintiff. The doctor did not say whether the plaintiff's condition resulted from the first or from the second accident.
Defendants had plaintiff examined on March 12, 1965, by Dr. Jerome W. Ambrister. Plaintiff was still complaining of pain in the low back region. The doctor could not find any objective symptoms and was of the opinion that he had recovered from any injuries which he might have received at an earlier date.
*648 At the time of the accident of June 13, 1963, plaintiff was sitting in a cab with three other co-employees. He was not seated next to either door. The two vehicles suffered minor damages, and struck each other side to side. None of the occupants of the Monlezun vehicle suffered any injuries with the exception of a small cut on the arm of one co-employee.
After considering all of the circumstances of the accident of June 13, 1963, and the medical testimony in the record, we are of the opinion that the trial judge committed error in awarding plaintiff damages for personal injuries, loss of wages, etc. resulting from the accident of June 13, 1963. We do not believe he has proven his case with that certainty required by our jurisprudence.
For the reasons assigned, the judgment of the district court is reversed, and judgment is hereby rendered in favor of defendants, Aurelian Cormier, Jr. and Firemen's Insurance Company of Newark, New Jersey, and against plaintiff, George Duhon, rejecting his demands and dismissing his suit at his costs in the district court and on appeal.
Reversed.

ON REHEARING
En banc.
FRUGÉ, Judge.
We granted rehearing because we entertained some doubt as to the correctness of our original conclusion that the plaintiff had insufficiently proved a back strain resulting from the accident caused by the defendant Cormier's negligence. Upon rehearing, we have concluded that the trial court did not commit manifest error by its award of $1,500.00 for back strain resulting from the accident in question.
We need not reiterate the facts and issues in detail. As our original opinion indicates, the plaintiff Duhon was involved in two successive accidents, the first on June 4th, an industrial accident while doing construction work (when his head was hit and squeezed between a moving door and the wall), and another nine days later, on June 13th, when he was riding in one of two vehicles involved in a collision. In this latter accident only, the plaintiff claims to have injured his back (also contending that by it his previous head injuries were aggravated); and it is against the undoubtedly negligent defendant driver Cormier in the last accident that the present suit is brought.
Although the trial court disallowed recovery for the more seriously disabling injuries allegedly resulting from the aggravation of the head injuries, it did allow a recovery of $1,500 for the back strain sustained in the second accident. In our present view, we were in error of law in our original opinion in reversing the trial court and in disallowing the $1,500 recovery for the stated reason that "We do not believe he [plaintiff] has proven his case with that certainty required by our jurisprudence."
By so holding, we had required the plaintiff to prove his case beyond a reasonable doubt, not merely by the preponderance of the evidence, the true burden of proof in a civil case. As we have just recently stated in Gassiott v. Gordey, La.App. 3 Cir., 182 So.2d 170, 175, "By a preponderance of evidence is meant, simply, evidence which is of greater weight, or more convincing, than that which is offered in opposition to it; that is, evidence which as a whole shows that the fact or causation sought to be proved is more probable than not. * * * [Citations omitted.]"
The plaintiff was still under treatment for the rather serious initial head injury when the second accident occurred. He was sitting with three other men in the front seat of the overtaking truck which collided with the defendant Cormier's left-turning vehicle at speeds of between 35-50 mph. The impact threw the men forward, twisting together, with considerable *649 force. The doctors testified that this type of accident was consistent with the back injury of which the plaintiff complained.
Before this vehicle accident of June 13th, the plaintiff had never before had back trouble. There is absolutely no evidence of any other cause of the lumbosacral strain. Two examining doctors, one a general practitioner and one a specialist, felt that the cause of the plaintiff's back complaints was a lumbosacral strain, which could reasonably have been sustained in the accident. The only possibly contrary medical evidence is that of a second specialist who examined the plaintiff some twenty months after the accident and found no symptoms; however, such recovery is consistent with the estimates of the attending physician and first examining specialist.
We conclude that under this evidence, accepting the trial court's credibility evaluation, the plaintiff has preponderantly proved that he received a back injury in the June 13th accident. The trial court, who saw and heard the witnesses, accepted the plaintiff's testimony that following the second accident his back first commenced to bother him, and we cannot find the trial court committed manifest error by doing so. Factual and credibility evaluations are primarily within the province of the trier of fact; appellate courts should not on review disturb such evaluations in the absence of manifest error.
As the attending physician noted, the plaintiff's principal complaints initially concerned headaches and other symptoms of the initial head injury which he felt had been aggravated by the second impact: That his sparse notes did not note back complaints until six weeks later does not negative the plaintiff's earlier complaints of such (initially) less serious symptoms. That objective symptoms of the back strain were not longer obvious when the physicians first directed their attention to it after several weeks of light activity on the part of the plaintiff, did not in the view of the two examining medical experts significantly detract from the validity of the subjective symptoms indicating a temporary back strain causing residual distress for several months.
The trial court, after a full discussion of the medical and lay evidence, noted that, notwithstanding any of the medical evidence which is to the contrary, the court concluded "that plaintiff did suffer some minor back strain related to the accident" and that, although the majority of his symptoms and their effects (loss of wages, pain and suffering, medical expenses) resulted from the first accident, "Nevertheless a portion of plaintiff's trouble is undoubtedly related to the second injury." (Italics ours).
We see no reason to reverse this well-considered and carefully discussed finding of fact by our learned trial brother, which (aside from manifest error) appears to be supported by the uncontradicted lay and medical evidence.
In making its award of damages, the trial court stated: "In connection with his pain, suffering, medical expenses and alleged loss of wages, it is this Court's opinion that the majority of these relates to the industrial accident [the head injury]. Nevertheless, a portion of plaintiff's trouble is undoubtedly related to the second injury [the back strain]. Plaintiff is entitled to $1,500 for the aggravation of his injury which resulted from the second accident. This award includes all special damages as well as pain, suffering, disability and loss of wages."
We find no abuse of the trial court's discretion in making such an award of general damages (see Ballard v. National Indemnity Co. of Omaha, 246 La. 963, 169 So.2d 64 and Gaspard v. Lemaire, 245 La. 239, 158 So.2d 149), including estimated special damages (where the latter are not readily susceptible of exact proof although there is a proven right to recovery, the courts have reasonable discretion to assess same based upon all the facts and circumstances *650 of the case, Brantley v. Tremont & Gulf Ry. Co., 226 La. 176, 75 So.2d 236, Farthing v. Neely, La.App. 3 Cir., 129 So. 2d 224, syllabus 10).
For the reasons assigned, therefore, our original opinion is set aside; we now affirm the judgment of the district court awarding the plaintiff judgment in the amount of Fifteen Hundred Dollars against the defendants, Aurelian Cormier, and his insurer, Firemen's Insurance Company of Newark, N. J., together with interest and costs; all costs of this appeal are assessed against the defendants.
Trial court judgment affirmed upon rehearing.
SAVOY, J., dissents for the reasons assigned in the original opinion.
HOOD, J., dissents being of the opinion that the original judgment of this court was correct.