FRUGÉ, Judge.
This is a tort action arising out of a two-automobile collision which occurred on April 19, 1964 at the intersection of Louisiana Highway 14 and Progressive Street in Lake Charles, Louisiana. Mrs. Olympe T. Thibodeaux and her husband, Ellis Thibodeaux, were proceeding north on the favored street (Louisiana Highway 14) when their automobile was struck by an automobile owned and driven by Dennis (Dennie) Guillory and which automobile entered the highway from Progressive Street. Guillory was an uninsured motorist.
Suit was brought by Mrs. Olympe T. Thi-bodeaux, individually, for bodily injuries allegedly received in said accident, and by Ellis Thiboudeaux, on behalf of the community, for medical expenses and property damage, against their own insurer, Reliance Insurance Company, under the uninsured motorist clause in their automobile liability policy, and against Dennis Guillory. Reliance Insurance Company answered the suit and made Dennis Guillory a third party defendant. Plaintiffs dismissed their claim against Guillory, without prejudice, on the morning of the trial. Since the defendant *322 insurer paid all medical expenses and was not liable under the uninsured motorist coverage for the damage to the automobile, Ellis Thibodeaux, on behalf of the community, voluntarily dismissed the claim asserted by him against Reliance Insurance Company. This left for consideration only the claim for personal injuries by Mrs. Thi-bodeaux against Reliance Insurance Company and said insurer’s third party demand against Guillory.
The case was tried before a jury which found Guillory negligent and said negligence to have proximately caused the accident. The jury returned a verdict in favor of Mrs. Thibodeaux for $1,879.00. Judgment was subsequently rendered in favor of Mrs. Thibodeaux on her demand against Reliance Insurance Company for $1,879.00, plus interest and costs, and in favor of Reliance Insurance Company on its third party demand against Dennis Guillory for $1,-879.00, plus interest and costs. Mrs. Thi-bodeaux has appealed from said judgment. The sole question on appeal is one of quantum, Mrs. Thibodeaux contending that the jury abused its discretion in making an inadequate award.
An appellate court must give great weight to a jury verdict for general damages. The function of an appellate court in a case of this nature is not to determine what it would have awarded had it been the court of original jurisdiction, but to determine whether there is evidence in the record supporting the award made by the jury. An appellate court should only reduce or increase a jury verdict if, taking the evidence most favorable to said verdict, the verdict is still so far out of line with existing jurisprudence as to constitute an abuse of the much discretion vested in a jury. See Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Evers v. State Farm Mutual Automobile Ins. Co., La.App. 3 Cir., 187 So.2d 217; Duhon v. Cormier, La.App. 3 Cir., 186 So.2d 645.
Without going into unnecessary detail, we note that there is competent medical evidence from which the jury could have determined that Mrs. Thibodeaux sustained a mild to moderate whiplash type injury with no residual disability. Under these circumstances we do not feel justified to increase the jury verdict. The award of $1,-879.00 (which does not include medical expenses paid by the defendant insurer) is not so far out of line with existing jurisprudence as to be manifestly erroneous or an abuse of discretion.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
Affirmed.