TATE, Judge.
This is a personal injury suit. The Ford in which the plaintiff Melancon was sitting was struck from the rear by a Chevrolet. Melancon sues the Chevrolet’s liability insurer. The negligence of the Chevrolet’s driver is conceded. The only issue is the quantum to be awarded Melancon.
The trial jury verdict fixed at $3,000 the total amount of the plaintiff’s recovery. The plaintiff appeals this award as manifestly insufficient.
As a result of the accident, the plaintiff sustained spraining injuries to his neck, lower back, and around his left shoulder blade, as well as a bruised knee. He was hospitalized approximately 11 days and released for return to his regular duties two *164 months after the accident. In addition, due to a flareup of the injuries some six months later, he was unable to work for two days and was then limited to light duties for two weeks.
' At the time of the trial, which was a year after the accident, there was no objective residual of the injury. However, accepting the plaintiff’s subjective complaints of pain as genuine, the attending orthopedist felt there would be a residual of some four to six months of minor shoulder pain associated with fatigue and prolonged sitting.
The jury award of $3,000 included some $1,200 of medical expenses. The plaintiff Melancon argues that the net award of $1,800 general damages for his personal injuries is insufficient because the evidence shows that he suffered severe initial pain with residual discomfort of some 18 months, i. e., injuries of a nature generally justifying an award of $2,500-3,500. See discussion in Fontenot v. Snow, La.App. 3 Cir., 149 So.2d 172.
On the other hand, the defendant insurer points out that Melancon returned to his regular duties within two months after the accident and thereafter performed them satisfactorily (except for a two-week flareup). The defendant-appellee suggests that it was within the discretion of the trial jury to discount as exaggerated Melancon’s subjective complaints of headaches and shoulder pain as persisting to any degree after Melancon was medically discharged for return to his regular duties.
The plaintiff Melancon and his wife testified with seeming credibility as to his residual discomfort and difficulties — headaches, pain, sleeplessness, restriction of activities. There was substantial testimony to the same effect from Melancon’s fellow police officers and a neighbor. If the function of an appellate court is to fix the amount of an award for personal injuries independently of the trial determination, in our opinion this evidence and the testimony of the attending orthopedist would undoubtedly entitle the plaintiff to a substantially greater award for the extended residual effects of the injury. ■
Nevertheless, with our limited function of appellate review, we cannot say that the trial jury’.s award is manifestly insufficient under all the circumstances and evidence of this record. For the great discretion of the trier of fact in the award of general damages should not be disturbed on appeal in the absence of clear abuse. LSA-Civil Code Article 1934(3); Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
As stated in Thibodeaux v. Reliance Insurance Company, La.App. 3 Cir., 189 So.2d 321, (decided August 3, 1966): “An appellate court must give great weight to a jury verdict for general damages. The function of an appellate court in a case of this nature is not to determine what it would have awarded had it been the court of original jurisdiction, but to determine whether there is evidence in the record supporting the award made by the jury. An appellate court should only reduce or increase a jury verdict if, taking the evidence most favorable to said verdict, the verdict is still so far out of line with existing jurisprudence as to constitute an abuse of the much discretion vested in a jury.”
Discounting the plaintiff’s subjective complaints following his discharge to duties as exaggerated, the trial jury may have evaluated the evidence least favorably to the plaintiff as showing an injury producing severe initial pain diminishing over ten days to discomfort which was cured with diminishing residual for a total of only about three months discomfort. We do not find the award of $1,800 for such injuries to be manifestly insufficient or disproportionate to previous awards made for comparable injuries such as would constitute an abuse of the great discretion of the trier of fact with regard to general damages. See Fontenot v. Snow, La.App. *165 3 Cir., 149 So.2d 172, which also cites comparable awards in injuries of varying degrees of severity.
For the foregoing reasons, the judgment of the District Court is affirmed. The costs of this appeal are to be paid by the plaintif f-appellant
Affirmed.