CULPEPPER, Judge.
Mrs. Lucille Stelly Fitzgerald seeks damages for personal injuries received in an automobile collision caused by defendant’s insured. The district judge awarded $4,500 in general damages. Defendant appealed.
The sole issue on appeal is whether the award is excessive.
On July 26, 1964 Mrs. Fitzgerald was a passenger on the front seat of a vehicle which slowed suddenly for an emergency on the open highway. It was struck from the rear by the vehicle of defendant’s insured. Plaintiff testified she was “thrown forward and then backwards” but does not “recall a blow to any part of my body”. She had no severe pain immediately, but later developed symptoms hereinafter described.
The day after the accident plaintiff and her husband went to New Orleans to take one of their seven children to see a doctor. It was on the return trip from New Orleans to their home in Opelousas that plaintiff first experienced a “sore throat”. She testified that the next morning “when I tried to get my head off the pillow it was impossible.”
On July 28, 1964, two days after the accident, she went to Dr. Charles N. Washington, a general practitioner in Opelousas. He found muscle spasm and limited motion of the muscles in the cervical area of the spine and diagnosed a “whiplash injury”. *917 Treatment prescribed consisted of muscle relaxants, a neck collar, a home-traction apparatus, diathermy treatments and drugs for pain. Plaintiff also complained to Dr. Washington of pain in the lower part of her hack but initially this was not as severe as the pain in the cervical area.
Mrs. Fitzgerald wore the neck collar for about six weeks and followed the other treatment prescribed, as set forth above. The cervical injury responded well to treatment. However, about three months after the accident she became pregnant and this •aggravated the lumbar injury.
Dr. Washington discharged her on January 4, 1965 as having received the maximum benefit from his prescribed treatment, but he was of the opinion she would continue to have some pain and discomfort for an indefinite period of time.
On March 11, 1965, seven months after the accident and four months after plaintiff became pregnant, she was seen by Dr. ■George P. Schneider, an orthopedist in Lake Charles. He found tenderness of the musculature of the lumbar spine and diagnosed residuals of a “spraining injury” complicated by pregnancy. He prescribed a maternity-type back brace. Dr. Schneider explained that a “sprain” is a tearing of muscle fibers, whereas a “strain” is merely a stretching injury. His prognosis was that plaintiff would recover several months after the pregnancy terminated.
Dr. Schneider saw Mrs. Fitzgerald for the last time on September 24, 1965, which was approximately 14 months after the accident and about two months after she delivered her child in July of 1965. She still had tenderness and tightness of the muscles in the lumbar area, but to a lesser degree. Prognosis was for complete recovery in three or four months.
During her pregnancy plaintiff was seen by Dr. Ernest E. Padgett, an obstetrician in Opelousas. He testified pregnant women frequently complain of backaches and that the weight of the unborn child stretches the back muscles. His records included a notation that she was being seen by an orthopedist and wearing a brace for her back condition.
Mrs. Fitzgerald was also seen by Dr. Robert Bordelon, an orthopedist of Opel-ousas, on February 11, 1965. He testified plaintiffs chief complaints at the time were relative to the cervical injury. Dr. Borde-lon found no objective symptoms but stated she may have had a straining injury of the cervical and lumbar areas but had no “severe orthopedic pathology”. It was his opinion that any residual pain was “low grade” and not sufficient to interfere with her normal activities.
There was clearly sufficient evidence fot the trial judge to conclude that Mrs. Fitzgerald suffered a “whiplash injury” causing severe pain for at least six weeks but subsiding thereafter within a period of a few months. In addition, she suffered either a “strain” or a “sprain” of the musculature of the lumbar spine. This was not as severe as the cervical injury initially, but was aggravated by pregnancy beginning about three months after the accident. The expert medical testimony, particularly that of Dr. Schneider, the orthopedist, is to the effect that she suffered considerable pain in the lumbar area until about six months after pregnancy, which was 18 months after the accident.
Under the circumstances, an award of $4,500 in general damages does not constitute an abuse of the great discretion vested in the trial court as to quantum. Ballard et al. v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.