CULPEPPER, Judge.
This is a suit for damages for personal injuries suffered by the plaintiff, Mrs. Wilfred Mouton, when the vehicle she was driving was struck from the rear by the vehicle of defendant’s insured. The district judge awarded Mrs. Mouton $2,500 in general damages for a whiplash-type injury to the cervical muscles. Defendant appealed.
The sole issue on appeal is defendant’s contention that the award was excessive.
Mrs. Mouton is a 33 year old housewife and mother of 5 children ranging in age from 1 year to 17 years. The accident occurred on September 23, 1965. She first consulted her family physician, Dr. J. W. *685 Paulk, Jr., on the following day. He diagnosed a “severe whiplash” with “marked muscle spasms in both right and left cervical muscles.” As a diagnostic aid, he ordered x-rays from Dr. W. M. McBride, a radiologist. Dr. McBride interpreted his initial x-ray of September 24, 1965 as showing a “questionable simple, complete fracture to the left lamina of C-2.” However, Dr. McBride’s subsequent x-rays of October 8, 1965 and December 9, 1965 were interpreted by him as negative for such a fracture.
On the question of the fracture, Dr. Elwyn Cavin, a radiologist, and Dr. Jerome W. Ambrister, an orthopedist, later examined both the McBride x-rays and others. They expressed the opinion that no fracture was present. The trial judge correctly concluded the evidence was not sufficient to prove a fracture of C-2.
Dr. Faulk’s treatment did not include hospitalization, traction or neck bracing. But he did find the initial headaches and cervical pain were severe. He saw Mrs. Mouton 9 times during the total of 29 visits to his office for treatment consisting of injections, heat therapy and medication. Dr. Faulk discharged her on December 13, 1965 and hasn’t seen her since.
Mrs. Mouton testified that after being discharged by Dr. Faulk she continued to have pain in the cervical area when she did heavy housework or sewing about twice a week. This testimony is corroborated to a degree by Dr. Jerome W. Ambrister, an orthopedist, who conducted an examination on behalf of defendant bn January 24, 1966. He stated Mrs. Mouton was not disabled at that time but she still had some tenderness in the cervical area upon deep palpation.
At the trial on June 30, 1966, about 10 months after the accident, Mrs. Mouton testified she no longer had the severe headaches which she experienced during the initial months of recovery; but she still had pain in the cervical area when she did heavy housework or sewing. In a written opinion the trial judge stated he “was impressed with this lady’s sincerity and lack of showmanship; she did not exaggerate and she was matter of fact' in her testimony.” The trial judge concluded:
“Although it is reasonable to presume from all medical testimony that this lady was pretty well healed after approximately four months, the Court is nevertheless satisfied that she periodically had difficulty for a number of months thereafter and certainly through June 30, 1966, the date of the trial, her difficulty obviously was pain and discomfort upon heavy housework and long sessions of sewing.
“It was shown by the medical testimony in the record that the pains which she complained of were consistent with the type of injury which she received, and, as aforesaid, the Court believes this lady.
“It is the Court’s opinion that she should have judgment against the defendants in the amount of $2500.00 for her pain, suffering and temporary disability * * *»_
Under the circumstances, the award of $2,500 was within the “much discretion” vested in the trial court in the assessment of damages. Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.