AYRES, Judge.
This is an action for damages for personal injuries, pain, and suffering sustained by plaintiff in and resulting from a motor vehicle collision, and for incidental medical expenses and loss of wages. Before trial, liability was conceded by defendants and only a question of the amount of damages was at issue in a trial before a jury which rendered a verdict in plaintiff’s favor for $10,000.00. In overruling a motion for a new trial, the trial judge declined to suggest a remittitur although of the opinion that a verdict for $5,000.00 would have been adequate to compensate plaintiff for the damages sustained.
Therefore, the question on appeal by defendants relates to the quantum of the award and concerns the abuse of the “much discretion” vested in a jury or trial judge.
On an appeal where the quantum of an award of damages is at issue, all the facts and circumstances on which the trial court based the award should be reviewed to determine (1) whether there has been an abuse of the “much discretion” vested in the trial court in assessing damages, and (2) if, after a review of all the facts and circumstances an abuse of discretion is found, the amount of the award should be modified as the case warrants. Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964). The facts and circumstances of this case will be reviewed in accordance with this rule.
Plaintiff’s special damages, with the exception of his claim for loss of wages, were stipulated as follows:
Hospital and doctors’ bills $ 87.80
Drugs and medications 7.70
Ambulance bill 20.00
Damage to automobile (deductible amount for insurance coverage) 100.00
$215.50
Plaintiff sustained a loss of wages as shown by the testimony of the comptroller of plaintiff’s employer, Newspaper Production Company, in the amount of $188.06. The aggregate of the special damages is therefore $403.56. By a deduction of these special damages from the award of $10,-000.00, it is found that the jury awarded plaintiff $9,596.44 for his personal injuries, pain and suffering.
Plaintiff was never hospitalized. Although he was first seen by Dr. C. D. Francis, following the accident on December 7, 1966, in the emergency room of the Willis-Knighton Memorial Hospital, he was next seen by Dr. Robert E. Braswell December 10, 1966. Dr. Braswell found that plaintiff had sustained an abrasion of the left shoulder, characterized as a contusion of the deltoid muscle, and tenderness about the left thigh. From x-rays taken at the direction of Dr. Francis, Dr. Braswell found no evidence of bone injury. Tenderness of the soft tissue about the thigh and below the left greater trochanter soon ceased to be symptomatic. Muscle relaxants prescribed by Dr. Francis were continued by Dr. Braswell who advised the application of moist packs to the abrased area. After a second examination by Dr. Braswell December 16, 1966, and a third December 23, 1966, plaintiff was released to return to his regular employment. The *790 doctor testified that on the latter date plaintiff had full range of motion in his shoulder and arm.
Plaintiff did return to work December 26, 1966, as a stereotyper. From subsequent examinations January 14, February 1, and March 30, 1967, Dr. Braswell expressed the opinion that plaintiff’s condition was, on the latter date, about the same as on the day of trial, February 7, 1968, with residual scar tissue from the contusion on the del-toid muscle. The doctor testified that because of the scar tissue occasional pain could result from certain movements of the arm. The injury to the deltoid muscle produced a depression of fibrous tissue with a calcification of the muscle area, a condition characterized as permanent. This formation was said to affect the strength of the muscle.
Plaintiff pursued the labors of his employment during 1967 with a loss of only three or four days, as testified by him and his wife, which loss was attributable to pain and discomfort experienced in his arm. There was no substantiation of plaintiff’s and his wife’s testimony that he endured pain in the performance of his work.
Plaintiff’s employment, requiring the lifting of pieces of lead of as much as 44 pounds in weight, as well as pans and trays of lead shavings, placed him in the category of a hard manual laborer.
The inference is irresistible that in the use of plaintiff’s arm the power-lifting del-toid muscle, burdened with fibrotic and inelastic scar tissue impregnated with calcification, produced a tenderness in that area. This condition was characterized as probably permanent.
After a thorough consideration of all the facts and circumstances of this case, particularly the nature and extent of plaintiff’s injuries, the pain and suffering endured, and the prospects of permanency to at least a minimal degree in the injuries sustained, we have concluded there was an abuse of the “much discretion” vested in the jury and the trial court. We have concluded that an award of $4,000.00 is adequate for the personal injuries sustained. This, plaintiff should recover in addition to the special damages enumerated above.
For the reasons assigned, the judgment appealed is amended by reducing the award to $4,403.56 and, as thus amended, it is affirmed. Plaintiff-appellee is assessed with the cost of this appeal.
Amended and affirmed.