CULPEPPER, Judge.
This suit for damages arises out of an unusual accident. Gayle Leger, 17-year-old son of the defendant, was assisting in the drilling of the Vinton' High School band. Robert Grauke, Jr., 15-year-old son of the plaintiff, was “trying out” for the band. The Leger boy was trying to get the prospective band members to raise their knees higher as they marched. He threw an open knife toward the Grauke boy to impress him with the need for raising his knees. Inadvertently, the knife struck Grauke’s left ankle, completely severing the achilles tendon.
In the district court, defendant admitted liability. After a trial on the issue of quantum, the district judge awarded plaintiff $5,000 in general damages, plus $967.05 for medical expenses. Defendant appealed, contending that the award for general damages is excessive.
The facts show that immediately after the accident, on August 14, 1967, Grauke was taken to the Vinton Memorial Hospital. Surgery was performed by Dr. *641 Victor Watson and Dr. Kenneth Perrigo. They made a longer incision, caught the ends of the tendon, pulled them together and sutured them. Twenty-five sutures were required to repair the tendon and close the incision.
Young Grauke remained in the hospital 11 days. On return to his home he remained in bed, not even rising to go to the bathroom. About three weeks from the date of the injury, a second cast was applied to place the angle in a slightly different position for healing. This cast was removed about five weeks after the accident, but he still remained in bed and could not put pressure on the foot.
Approximately three months after the injury he was permitted to place weight on the foot. He got out of bed and used a wheel chair for about three weeks and then used crutches for an additional four or five weeks. Then followed a regime of physical therapy to rehabilitate the tendon and the leg.
Grauke walked with a limp until about April of 1968, which was seven months after the accident. By August of 1968 he had recovered sufficiently to return to the band, but he testified that on one occasion his foot hurt so bad he almost quit.
Testimony shows that by the date of the trial, January 16, 1969, young Grauke had recovered full range of motion, full strength of the leg and was able to perform all his normal physical activities. However, he still had some tenderness of the scar from the friction and pressure of wearing a shoe. Also, the ankle was stiff for a while on arising in the morning. After long and strenuous activity there was some swelling. Dr. Perrigo testified he could not predict whether young Grauke would have complete recovery and would have to re-evaluate the foot after another year. Defendant’s expert witness, Dr. Lucas L. Digiglia, who examined young Grauke on January 15, 1969, expressed the opinion there was a complete recovery except for discomfort of the scar from friction and pressure of a shoe.
During the boy’s convalescence he was able to keep up his school work with the aid of a tutor.
The scope of appellate review of awards in personal injury cases has been expressed in several recent decisions o-f our Supreme Court. In Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) the court said “appellate courts should consider the amounts of awards in other cases only so far as they are relevant to the question of whether the judge or the jury abused its discretion * * The decision in Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964) stresses the point that each case is different and must be evaluated on its own facts. The court said that so-called “similar” cases should be used only “to determine whether the award is so excessive or so inadequate as to be an abuse of discretion.” In Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967) the court recognized its duty under our Louisiana Constitution to review both the law and the facts, but stated that in view of LSA-CC Article 1934(3), the judge or jury has “much discretion” in the assessment of damages. Their awards “should not be disturbed unless the appellate court’s examination of the facts reveals a clear abuse of the discretion vested in the lower court.”
In his written opinion the trial judge cited Andrews v. Carber, 128 So.2d 460 (1st Cir. 1958) which is apparently the only case from our appellate courts involving a severed achilles tendon. The court there awarded $4783.14 in general damages. ($5,000 less $216.86 for a motor bike) In addition to the injury to his achilles tendon, Andrews also suffered multiple contusions and abrasions, a compound fracture of the talus (heel bone), a back injury which caused pain for six or eight weeks and internal injuries which caused blood in the urine for a short time.
*642 Defendant contends the trial judge abused his discretion in relying on the Andrews case because the injuries in Andrews were much more severe. Plaintiffs answer to this argument is that the award in Andrews was made ten years ago, when the dollar had greater value. Also, that the overall period of recovery in the two cases is very similar.
It is our conclusion that the award of $5,000 in the present case is well within the range of the “much discretion” of the trial judge in cases of this type.
For the reasons assigned, the judgment appealed is affirmed.
Affirmed.