169 So.2d 64

**Raiford BALLARD et ux.**

v.

**NATIONAL INDEMNITY COMPANY OF OMAHA, NEBRASKA.**

**Mrs. Florence K. CRAFT**

v.

**NATIONAL INDEMNITY COMPANY OF OMAHA, NEBRASKA.**

No. 47152.

Nov. 13, 1964.

Rehearing Denied Dec. 15, 1964.

W. C. Falkenheiner, Falkenheiner & Calhoun, Vidalia, for plaintiffs-appellees-applicants.

Lloyd F. Love, Love & Hodges, Ferriday, for defendant-appellant-respondent.

FOURNET, Chief Justice.

These cases were consolidated for trial in the lower court and the Court of Appeal and are now before us on a writ of certiorari, granted on the application of the plaintiffs to review the judgment of the Court of Appeal, Third Circuit, reducing the awards of the lower court to plaintiff Mrs. Adrienne Craft Ballard from $1,500 to $750 and to plaintiff Mrs. Florence K. Craft from $4,500 to $2,500 for pain and suffering accompanying whiplash injuries sustained as a result of an automobile collision near Ridgecrest, Louisiana, on December 9, 1961, between a vehicle operated by Mrs. Ballard and one operated by Mrs. Lois W. Gentsch, inasmuch as they were found to be excessive. See, 159 So.2d 763.

Counsel for plaintiffs contend the Court of Appeal, contrary to the recent decision of this court in the case of Gaspard v. LeMaire, on rehearing, 245 La. 239, 158 So.2d 149, in reducing the awards after reading the evidence in the record, substituted its judgment for that of the trial judge without finding in what respect he had manifestly erred or abused his discretion, and applied the "discarded doctrine of uniformity," enunciated in Cassreino v. Brown, La.App., 144 So.2d 608.

A review of the many cases of the courts of appeal of this state that come before us

on application for writs of review in which our decision in the Gaspard case is relied on for a disposition of the case and the briefs filed in connection therewith, impels us to observe that there exists such a vast difference of opinion amongst the members of the bench and bar as to the proper application of the rule of law enunciated in that case, we deem it necessary to review our decision with the view of clarification, where needed, and to remove any doubt as to the import thereof. This diversity of interpretation of that decision resulted in the granting of the writ under consideration here, as well as in two other cases [1] which were consolidated with these for argument.

After reading all of the briefs in these cases, it appears some view our decision as having the effect of removing the scope of appellate review of the trial judge or jury's award in damage suits. Others take the position that it had the effect of limiting the scope of appellate review of awards by the trial judge or jury in personal injury cases, however, in this category they are divided: some contend the award made by the trier of the case should not be disturbed unless found to be manifestly erroneous; others claim the award should not be disturbed in the absence of a "flagrant abuse of discretion." Yet some question the meaning of the term "manifest error," while there is also a great divergence of opinion as to the degree of abuse of discretion the judge or jury has exercised in making the award. Some members of the bar would interpret this decision so as to equate our procedure with that prevailing in the federal courts. On the other hand, there are many who view our decision as strictly within the contemplation of R.C.C. Art. 1934.[2]

1. Winfree et al. v. Consolidated Underwriters, La.App., 163 So.2d 377; Cormier v. Traders & General Insurance Company, La.App., 159 So.2d 746.

2. "Art. 1934. Measure of damages for breach of contract
    "Art. 1934. Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:
    "1. When the debtor has been guilty of no fraud or bad faith, he is liable only for such damages as were contemplated, or may resonably be supposed to have entered into the contemplation of the parties at the time of the contract. By *bad faith* in this and the next rule, is not meant the mere breach of faith in not complying with the contract, but a designed breach of it from some motive of interest or ill will.
    "2. When the inexecution of the contract has proceeded from fraud or bad faith, the debtor shall not only be liable to such damages as were, or might have been foreseen at the time of making the contract, but also to such as are the immediate and direct consequence of the breach of that contract; but even when there is fraud, the damages can not exceed this.
    "3. Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on

A careful study and analysis of the Gaspard case will readily disclose this court simply applied these codal provisions: "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it." Art. 2315 But "In the assessment of damages * * in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury * * *." Art. 1934(3).

The much discussed Gaspard case recognized and applied the principle of law which has been in our Civil Code since 1825.[3] The principle is simply a declaration of judicial method based on common sense and has no relation to the authority vel non of appellate courts. It is a guide for the courts, reflecting the wisdom gained through experience in judicial process, to achieve justice between the parties in the assessment of damages.

In the types of cases set out in Article 1934 the principle of law announced there becomes applicable only after the lower court finds liability on the part of the defendant and that plaintiff has proved by a preponderance of the evidence the nature and extent of his injury, for only then does it become necessary to assess the damages. On appeal, if the appellate court affirms the lower court and quantum is the issue, the court should then review all the facts and circumstances on which the lower court based the quantum of award, but this review is confined to determining whether there

the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.

"In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury, while in other cases they have none, but are bound to give such damages under the above rules as will fully indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud or bad faith of the debtor.

"4. If the creditor be guilty of any bad faith, which retards or prevents the execution of the contract, or if, at the time of making it, he knew of any facts that must prevent or delay its performance, and concealed them from the debtor, he is not entitled to damages.

"5. Where the parties, by their contract, have determined the sum that shall be paid as damages for its breach, the creditor must recover that sum, but is not entitled to more. But when the contract is executed in part, the damages agreed on by the parties may be reduced to the loss really suffered, and the gain of which the party has been deprived, unless there has been an express agreement that the sum fixed by the contract shall be paid, even on a partial breach of the agreement."

3. See discussion in McFarland v. Illinois Central R. Co., 241 La. 15, 127 So.2d 183, 87 A.L.R.2d 246, in which this court recognized and applied this principle.

has been an abuse of the "much discretion" vested in the trial court in assessing damages. After a review of all the facts and circumstances, if the appellate court finds that there has been an abuse of discretion, the amount of the award should be increased or decreased as the case warrants. Strictly speaking, in the review of the damage assessment the general evidential rules of preponderance of evidence or manifest error are not pertinent and are without application, since the only question is whether the lower court has abused its discretion in assessing the damages.

■ In resolving the question of whether the jury in fixing the amount of the award in the Gaspard case had abused the discretion vested in it by law, we pointed out that " * * * In view of our codal provision, the appellate courts should consider the amounts of awards in other cases only so far as they are relevant to the question of whether the judge or the jury has abused its discretion in fixing the award in the case under consideration." However, an appellate court should not fix the amount of the award solely to maintain uniformity of awards, thus ignoring the prerogatives of the trial judge or jury in assessing awards in such cases as set forth in Art. 1934 of the Civil Code. The amounts of awards in so-called "similar" cases are relevant only to determine whether there has been an abuse of discretion, but for no other purpose—that is, to determine whether the award is so excessive or so inadequate as to be an abuse of discretion. In this connection it must always be remembered, as said in Gaspard, that " * * * cases relied upon may be similar in that each of them involves a similar injury such as a broken arm, the loss of an eye or eyes, or the loss of some member of the body. Thereafter, however, the similarity ceases for each case is different, and the adequacy or inadequacy of the award should be determined by the facts and circumstances peculiar to the case under consideration."

It appears to us that the many divergent opinions shared by the bench and the bar are based upon personal views or subjective interpretations of the meaning of certain terms in the opinion which have been taken out of text to reach a desired result.

■■ A mere reading of the decision of the Court of Appeal in the cases at bar clearly demonstrated the Court of Appeal, in reducing the awards did not ignore our decision in the Gaspard case, as contended by the plaintiffs, but in fact cited that case as authority for its decision; and while it did not discuss the facts upon which it concluded the trial court fell into error, it did, however, analyze the testimony of the case from which it concluded the awards were excessive and accordingly reduced them. And from our appreciation of the facts and circumstances of these cases

as disclosed by the record, we are in accord with the result reached by the Court of Appeal because in our view the trial judge abused his discretion, and we think the reduction of the awards to $750 to Mrs. Ballard and to $2,500 to Mrs. Craft was proper.

Mrs. Ballard testified that immediately after the accident she took her mother to a Dr. McAmos in Natchez, Mississippi, who suggested they consult their family doctor, Dr. L. P. Coleman, in Ferriday, Louisiana, which they did. He told her she had a whiplash injury, applied an electric vibrator to her neck, and prescribed no medication. She related that she suffered no pain at the time of the impact, only numbness, and later soreness of the neck which lasted four or five days; she also complained of having headaches off and on for about a month.

Mrs. Craft was injured more severely than her daughter. According to the testimony of Dr. Coleman, she suffered a whiplash injury, "that is, an injury where the impact forces the body forward with the hips remaining still, and it stretches the ligaments, muscles and nerves in the back," necessitating her hospitalization for fourteen days, where she was administered muscle relaxants, sedatives, head traction and physiotherapy; after her discharge he continued physiotherapy treatments for approximately two months. During all of this time he was of the opinion that she suffered considerable pain. And while he testified the X-rays showed "some minor arthritic changes," he also expressed the opinion that such were consistent with her age at that time, and a condition that would have come about without the accident. From this medical evidence it is clear that Mrs. Craft suffered no permanent injury nor a condition that would cause her permanent pain as a result of the collision.

For the reasons assigned, the judgment of the Court of Appeal is reinstated and made the judgment of this court.

McCALEB, Justice (concurring).

I am in accord with those views expressed in the majority opinion which enunciate the proper approach to be taken by the appellate courts of this State, within the scope of their constitutional jurisdiction, in determining in tort cases whether the damages awarded are insufficient or excessive. As I interpret it, the decision herein rejects, sub silentio, the common law concept of acquiescence in trial court and jury awards as a matter of course which, together with the criticism contained in the majority opinion on rehearing in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 of " * * * overemphasis of uniformity of awards * * *", caused vast diversions

of opinion among the members of the bench and bar as to the tenor and extent of the admonitions and context of the Gaspard decision. As the lone dissenter in the Gaspard case on rehearing I, too, was confused and concerned as to the breadth of that holding.

However, the decision in this case clarifies the legal position of the majority in the Gaspard matter which position, as presently explained, is strikingly similar, I submit, to the principles expressed in the original opinion there, as well as those stated in my dissenting opinion on rehearing.

Nonetheless, I am impelled to reiterate my disagreement with the conclusion in Gaspard v. LeMaire, on rehearing, that the verdict of $19,500 in favor of plaintiff for her injuries and pain and suffering was not excessive. That award, being more than double the amounts theretofore given to plaintiffs in other cases involving similar injuries, was highly excessive since that plaintiff's pain and suffering and subsequent disability was neither greater nor more intense than that sustained by other plaintiffs receiving comparable injuries. Hence the verdict was out of all reasonable proportion to other awards and, thus, oppressive to defendants. See Dobyns v. Yazoo & M. V. R. Co., 119 La. 72, 43 So. 934.

For these reasons, I respectfully concur.