SAVOY, Judge.
The instant suit is one in tort and is a companion suit to No. 1455 on the docket of this Court, entitled Manasco et al. v. Travelers Indemnity Company, et al., 176 So.2d 754 which suits were consolidated in the district court for purposes of trial. Separate decrees were rendered in each case.
The only difference between the instant case and suit No. 1455 is that in the instant case Robert F. Blackwell is the plaintiff; whereas in suit No. 1455, Milford Manasco and Stafford Miller are the plaintiffs.
The suits involved herein are the result of an automobile accident which occurred on a public road in the Parish of Sabine, Louisiana, on November 11, 1963, when a school bus being operated by Hoyt Neel (Neal) and a Ford automobile owned and being driven by George Maxey collided. Robert F. Blackwell, Milford Manasco and Stafford Miller were guest passengers in the Maxey vehicle.
The suits were originally brought against Hoyt Neel and his insurer, The Travelers Indemnity Company, and Southwest Casualty Insurance Company, the liability insurer of George Maxey.
Southwest Casualty Insurance Company filed exceptions of no right of action in each case, declaring that its policy had been can-celled prior to the accident. The exceptions were overruled in each case by the trial judge and were referred to the merits.
Third party petitions were filed in each case on behalf of Hoyt Neel and The Travelers Indemnity Company, naming George Maxey as a third party defendant and denying that Hoyt Neel was guilty of any negligence which was a proximate cause of the accident; and in the alternative, that if said negligence was a proximate cause of the accident, that they have judgment against Maxey for one-half of any judgment that might be rendered against them because of the joint negligence of Maxey and Neel.
In each suit Maxey reconvened as party plaintiff against The Travelers Indemnity Company seeking to recover special and general damages resulting from said accident.
After a trial on the merits, the district judge found the proximate cause of the accident to be the joint negligence of Neel and *753 Maxey, and rendered judgment as prayed for by plaintiffs in each suit, except that he did not award the amount asked for by each plaintiff as general damages.
The trial court also dismissed the recon-ventional demand filed hy Maxey.
From the above judgments, defendants, Hoyt Neel, The Travelers Indemnity Company, and the Southwest Casualty Insurance Company, have appealed to this Court.
Plaintiffs, Robert F. Blackwell, Milford Manasco and Stafford Miller, filed answers to the appeal asking that the awards for general damages be increased.
George Maxey filed an answer to the appeal in No. 1455, asking that the judgment against him be dismissed. There is no showing that an answer to the appeal has been filed by Maxey in the instant suit.
As stated in plaintiffs’ petitions, the accident occurred on a hilly, narrow, winding road, when a school bus driven by Hoyt Neel in a westerly direction collided with a Ford automobile driven by Maxey in an easterly direction. While there was much conflict in the testimony, the trial judge found that the collision occurred in the center of the road and both parties were negligent, and their joint negligence was the proximate cause of the accident. He found that the highway on which the accident occurred was partly gravel and partly shell, being approximately 18' in width; and that the sides had eroded because of weather conditions. After reviewing the entire record, we agree with the findings of facts made by the trial judge.
Defendant, Southwest Casualty Insurance Company, contends that it should be relieved of liability because on the date of the accident the policy which it had issued to George Maxey had been cancelled. There was considerable evidence on this point. The trial judge likewise found the evidence very conflicting, but found that the insured had borne the burden of proof showing that he had not received notice of cancellation. With this finding we likewise agree.
The next question for determination is as to quantum in connection with general damages suffered by the plaintiffs.
The trial judge allowed Robert F. Blackwell the sum of $5,000.00 for general damages. Blackwell suffered rather serious injuries. He was rendered unconscious as a result of the accident and was in a stupor for approximately two days. His injuries consisted of lacerations of the forehead and eyelids, and a segment of bone was chipped off the outer table of the left frontal sinus, and there was a fracture of the left clavicle, and a loss of one tooth.
Dr. John M. Gosslee, orthopedic surgeon, stated that he attempted to treat the fracture of the clavicle by external fixation, but this was unsatisfactory, and an open reduction was performed on the patient. Later on a pin approximately five to six inches in length was removed from the clavicle. The doctor was of the opinion that the patient would be disabled for at least three 01 four months. On his last examination, the doctor found that the patient should be able to use his injured arm as well as the other, but that the large accumulation of bony callus surrounding the fracture would leave an area of rather unprotected prominence around the collar bone which would, on occasions, become irritated from pressure of carrying anything over his left shoulder.
While we are of the opinion that the award for general damages in the instant case is low, we cannot say that the trial judge abused the discretion allowed to him under the jurisprudence of this State. See Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64.
Without detailing the injuries of Milford Manasco and Stafford Miller, a review of the medical testimony convinces us that the trial judge did not abuse his discretion in making said awards. See Ballard v. Na *754 tional Indemnity Company of Omaha, Nebraska, supra.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.
On Application for Rehearing. En Banc. Rehearing denied.