BOLIN, Judge.
Mr. and Mrs. Martinez, husband and wife, sued United States Fire Insurance Company, its insured and the latter’s employee for damages allegedly resulting from a collision between an automobile driven by Mrs. Martinez and a truck driven by the insured’s employee. For written reasons the lower court rendered judgment in favor of Mrs. Martinez against all defendants in so-lido for $8,000.00 for her personal injuries and in favor of Mr. Martinez for $922.45 for community expenses. Defendants appeal and Mrs. Martinez answers the appeal asking for an increase in her award to $15,000.-00.
Liability and insurance coverage are conceded and the sole remaining question is whether the trial judge abused the discretion vested in him under Louisiana Civil Code Article 1934 (3) in fixing the amount awarded. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964).
Mrs. Martinez was injured on November 25, 1964, when the automobile she was driving was struck from the rear by a Chevrolet truck, rendering her unconscious for a brief time. Immediately following the accident she was taken to a medical clinic at Zwolle, Louisiana, where she received first aid treatment. Mrs. Martinez was then transferred to a hospital in Shreveport where she remained approximately twelve days. While hospitalized she was the patient of Dr. Boyd, a surgeon and her family physician, who diagnosed her injuries as compression fractures of the 4th, 5th and 6th thoracic vertebrae. She was X-rayed several times and administered medicine for pain and nervousness. Before leaving the hospital she was fitted with a back brace which she wore several months. On April 13, 1965, Dr. Boyd was of the opinion the fractures of her vertebrae were well-healed with only slight permanent compression.
About September 1, 1965, Mrs. Martinez returned to Dr. Boyd complaining of pain in her neck and back. He concluded her complaints were essentially negative and recommended physiotherapy treatments. Dr. Boyd’s testimony at the trial was that in his opinion Mrs. Martinez had a 10% permanent disability of the body as a whole resulting from the accident.
Upon request of defendants, Mrs. Martinez was examined on December 14, 1965, by Dr. Willis J. Taylor, an orthopedic surgeon of Shreveport, Louisiana. He concluded she had a mild compression of the 6th thoracic vertebra but could find no objective symptoms for her complaints of pain and suffering. Dr. Taylor did not consider Mrs. Martinez’s condition disabling but estimated she had a 10% permanent disability of the body as a whole.
*427 On appeal defendants do not question the award of $922.45 made to Mr. Martinez and since the record amply supports same that portion of the judgment should be affirmed. From our study of the record we do not find any abuse of discretion by the district judge in awarding Mrs. Martinez $8,000.00 for her personal injuries.
The judgment appealed from is affirmed at appellant’s cost.
Affirmed.