JANVIER, Judge.
Plaintiffs, Mr. and Mrs. Isadore Senior, brought this suit against Schwegmann Brothers Giant Super Markets, Inc., alleging that, as a result of negligence on the part of one of the employees of the defendant, Mrs. Senior “stumbled” over “several bags of flour” which had been unexepectedly placed on the floor behind her while she was in conversation with another customer and was attempting to locate on the shelves a certain kind of flour. She prayed for judgment for $50,000.00, and Mr. Senior prayed for $226.00 to recompense him for the medical expenses made necessary by the injuries to his wife.
The defendant denied negligence on the part of its employee, and especially averred that the accident had resulted solely from negligence on the part of Mrs. Senior in not looking where she was going and in not seeing the bags of flour on the floor, and, in the alternative, if there be found negligence on the part of the employee of the defendant, that the contributory negligence of plaintiff should bar recovery.
There was judgment in the District Court in favor of Mrs. Senior in the sum of $2,-000.00 and dismissing the suit of Mr. Senior.
Defendant has appealed and both Mr. and Mrs. Senior have also appealed, she praying for an increase in the award to her and he praying that he be allowed to recover for the alleged medical expenses.
The District Judge set forth his reasons for judgment based on his evaluation of the evidence as to how the accident was caused and also as to the medical evidence concerning the extent of the injuries of Mrs. Senior and as to the period of disability. These reasons now follow:
“Plaintiff sustained an injury to her back, incurred by stumbling over a package or packages placed on the floor by one of defendant’s employees. Plaintiff, *810 who was shopping in defendant’s store at the time of the accident, testified that she was engaged in a conversation with another customer, and that the packages were laid on the floor behind her, while she was talking. That upon turning around to get a package of flour, she tripped over the package and in attempting to regain her balance, she clutched at the cart, which was being unloaded behind her. The car moved under her weight, and caused her to twist her back. This testimony was corroborated by Mrs. Burrell, an eye witness to the accident, and by plaintiff’s son, whose testimony impressed the Court as being an honest attempt to accurately describe what he saw.
“The testimony of plaintiff, Isadore Senior, was of no help to the Court, and is disregarded. Defendant’s sole witness was the manager of the store, who testified that he glanced down the aisle just as Mrs. Senior fell. This did not materially contradict the testimony given on behalf of plaintiff. Therefore, the Court is of the opinion that the accident was caused by the placing of objects on the floor behind plaintiff without warning and without plaintiff having any reason to suspect that the articles had been so placed.
“The question of quantum relegates itself to the basic medical testimony of Dr. Walter Brent, who treated plaintiff shortly after the accident. He evaluated the injury as a lumbar sprain and estimated a complete recovery within four to six weeks of his examination of April 2, 1963. This would establish plaintiff’s disability for a period of approximately four months. All other medical testimony indicated no objective findings and a normal condition existing from an ortho-pedical standpoint, particularly that of Dr. George Battalora, Jr., who examined Mrs. Senior a year after the injury.
“The testimony of Mrs. Senior and members of her family indicate some difficulty encountered by plaintiff following the accident. However, the complaint and description of her sufferings by Mrs. Senior were not consistent with the medical evidence produced, and appear to be exaggerated as was that of Dr. Bryant, the Chiropractor who testified factually and not as an expert. No award has been made for Dr. Bryant’s bill, since the Court is of the opinion that his treatment commenced after the patient became asymptomatic.”
After a study of the evidence, we cannot conclude that the District Judge was manifestly in error in finding that Mrs. Senior was not negligent in not noticing the flour bags which she said had been placed there after she was standing looking for the flour she desired.
When we consider the question of the extent of Mrs. Senior’s injuries, we are faced with certain established principles concerning the extent to which an appellate court should go in determining whether the nisi prius court has abused its discretion in fixing the amount to be awarded for physical injuries. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127; Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Couvillion v. Marquette Casualty Company, La.App., 200 So.2d 122; Simpson v. Alexander, La.App., 195 So.2d 457.
Here the District Judge awarded Mrs. Senior $2,000.00. We repeat his statement as to the findings of the medical expert:
“The question of quantum relegates itself to the basic medical testimony of Dr. Walter Brent, who treated plaintiff shortly after the accident. He evaluated the injury as a lumbar sprain and estimated a complete recovery within four to six weeks of his examination on April 2, 1963. This would establish plaintiff’s disability for a period of approximately four months. All other medical testimony indicated no objective findings and a normal condition existing from an ortho-pedical standpoint, particularly that of *811 Dr. George Battalora, Jr., who examined Mrs. Senior a year after the injury.”
We now quote from the testimony of the doctors. Dr. George C. Battalora, an orthopedic expert, in his written report, was of the opinion that Mrs. Senior “ * * sustained a low back strain injury,” but that there was “no evidence of any residual from an acute injury”; that she had “a postural lumbosacral strain,” had gained weight; that “she has a swayback condition with a soft protuberent abdomen which produces a chronic strain at the lumbosacral joint and can produce back discomfort,” and that there was “no evidence of muscle spasm.”
Dr. Walter H. Brent, an orthopedic expert, examined Mrs. Senior on April 2, 1963, which was one month after the accident. He said that he “made a complete physical examination and described the various tests to which she had been subjected by him. He said: “There was no muscle spasm present. There was no limitation of motion of the spine. In all tests I put her through, they indicated that there was no acuteness at the time. Now, I more or less had to take her word about how much pain she had had before, and she had been under the treatment of another physician who had apparently seen her first. And at that moment there was no acuteness.”
Dr. Dabney Ewin, a general surgeon, saw Mrs. Senior on February 5, which was three days after the accident. He was asked: “Other thán the history of her complaints, did you have any reason to believe that she suffered any accident?” He answered: “Well, that was the only basis.” When asked if, from his physical examination, he could determine whether she “had sprained her back,” he answered: “She had no findings.”
Dr. John E. Bryant, a chiropractic doctor, treated Mrs. Senior for quite a while, but that was much later, and we agree with the District Judge that what he treated her for had not been the result of this accident.
There can be no doubt that the disability of Mrs. Senior, such as it was, was exaggerated ; that her actual disability was minimal, and that the suffering which resulted from this accident was slight. Obviously, much of her suffering resulted from an accident in 1965 when she fell and broke her leg and also from the fact that she was excessively obese.
From this evidence we cannot hold that the District Judge abused his discretion either in allowing Mrs. Senior too much or too little.
So far as the claim of Mr. Senior is concerned, the only proof of medical payments was the payment to the chiropractor which, as the District Judge said, was for services rendered for a condition not resulting from this accident.
The judgment appealed from is affirmed.
Affirmed.