CHASEZ, Judge.
The sole issue to be decided in this appeal is one of quantum.
The plaintiff, Kathleen A. Palmisano, filed this suit against the defendants, Barbara S. Smith and United States Automobile Association, for damages resulting from an automobile collision on December 21, 1965.
The case was tried before a jury on March 11, 1968. The defendants admitted liability therefore the only question for deliberation by the jury was one of quantum. The jury returned a verdict for plaintiff in the amount of $5,000. This verdict, together with legal interest and all costs, was made the judgment of the trial court. The defendants prosecuted this appeal, complaining that the judgment was excessive and should be reduced to $2,500.
The verdict and judgment of $5,000 was awarded in lump sum without itemization. Appellants proceed in this appeal under the assumption that this total award was for plaintiff’s pain and suffering. However the record reveals that the plaintiff proved items of special damages for repairs to her automobile, medical fees, drugs and medical equipment, totalling approximately $600. Thus the award to plaintiff solely for her pain and suffering was approximately $4,400 and it is this sum which we will consider in deciding whether her award is excessive.
As stated above the accident which gave rise to this litigation occurred on December 21, 1965. We will not attempt to delve into the facts surrounding the accident, as the matter of liability is not before us. Suffice it to say that plaintiff’s automobile was struck from the rear by an automobile driven by the defendant Mrs. Smith and as a result plaintiff sustained a whiplash type injury to her neck.
There is a considerable amount of conflicting medical testimony in the record as to the nature and extent of plaintiff’s injury. Dr. Blaise Salatich, Orthopedist, and Dr. Joe V. Hopkins, Radiologist, testified for the plaintiff. Dr. H. R. Soboloff, Orthopedist, and Dr. Coleman S. Schneider, Radiologist, testified for the defendants. Plaintiff was seen by Dr. Salatich on thirty separate occasions, and by Dr. Hopkins on three occasions. She was examined by Dr. Soboloff and Dr. Schneider on one occasion each.
Little can be gained at this point by attempting to dissect the testimony of each of these physicians. The record is clear however that plaintiff did suffer a painful neck injury as a result of the accident. She was required to wear a neck supporting collar day and night for three months after the accident. She continued to wear the collar intermittently for the next two months. The evidence supports the finding that she suffered flareups of this neck injury from time to time after the initial five month period, even up to the date of trial some twenty-seven months after the accident.
Plaintiff missed approximately three days of work as a result of her injury, however she was able to work only because her employer allowed her to discontinue her secretarial duties, and let her work as a receptionist. In addition he set up a special desk and seating arrangement to facilitate her performance as a receptionist.
From these facts we find that an award to plaintiff of $4,400 fo.r her pain and suffering is not excessive to the extent that *776 it constitutes an abuse of the much discretion” given to the jury by LSA-C.C. art. 1934(3). Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127.
The judgment appealed from is affirmed.
Affirmed.