PICKETT, Judge.
This is a suit for damages resulting from an automobile accident which occurred August 29, 1966, in the 2500 block of Plank Road in the City of Baton Rouge, Louisiana, when a 1957 automobile driven by Annie M. Stewart struck the rear of a 1966 Ford Station wagon operated by the plaintiff, Oliver C. Harrell. The defendant, State Farm Mutual Automobile Insurance Company, was the liability insurer of defendant, Annie M. Stewart. The district court found the defendants were liable, and rendered judgment in favor of the plaintiff for the sum of $4,107.00, in solido, against the defendants. The plaintiff has appealed devolutively, and seeks an increase of the award for damages. The only issues of this appeal relate to quantum.
The undisputed medical testimony is to the effect that Mr. Harrell suffered a cervical sprain and a sprain of the upper back muscles which to some extent aggravated a pre-existing arthritic condition. The appellant was seen by Dr. J. Willard Dowell at his office on the day of the accident. As a result of his examination of Mr. Harrell, at that time, Dr. Dowell found some tenderness over the cervical spine and over the paravetebral muscles at that level, as well as some tenderness over the mid-dorsal spine. X-rays of the cervical and dorsal spine showed rather severe degenerative arthritic changes in the mid portion, but no evidence of fracture. He noted some narrowing of the intevetebral foramina on one side, although it was not severe. The X-rays of the dorsal spine showed some hypertrophic arthritic lipping but not to an unusual degree for a man of Mr. Harrell’s age, which was sixty-three. Dr. Dowell characterized the sprain of appellant’s neck as moderately severe, and the sprain of his back as probably mild to moderate. The appellant was seen by Dr. Dowell August 13, 1966, the day of the accident, and six times thereafter on: September 13, 1966; February 13, 1967; April 13, 1967; July 18, 1967; April 18, 1968; and September 13, 1968. As a result of his last examination of plaintiff-appellant, Dr. Dowell expressed the opinion that because of appellant’s continued complaints of soreness in his neck when lying on his side at night, some pain in his neck when he rides a horse or drives a tractor, and some pain between his shoulder blades, that “he probably has a small permanent disability.” After a careful examination and analysis of all the evidence relating to the nature and extent of appellant’s injuries and residual disabilities resulting from the accident, we are in accord with the findings of the Trial Judge which he expressed as follows:
“Apparently, the plaintiff had a dormant arthritic condition in his neck and back which was seriously aggravated by the injury related to the accident. Medically speaking, there may be considerable doubt as to its significance from a functional standpoint which would affect Mr. Harrell’s ability in the future to carry out his normal activities; however, there is no doubt in the Court’s mind that Mr. Harrell has suffered pain and discomfort as a result of the injury and should be adequately compensated for it.”
As to the matter of quantum, the Trial Judge awarded the appellant the sum of $4,107.00, of which $307.00 was for medical expenses, $50.00 property damage, and the remainder in the sum of $3,750.00 for pain and suffering, past, present and future, and for such residual disability as he may have. Counsel for plaintiff argues strenuously that a greater amount should be awarded for pain, suffering and disability, which includes impairment of earning capacity. The plaintiff did not ask for loss of income due to loss of time.
In Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149, as clarified in Ballard v. *466 National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64, the Supreme Court, held that under the provisions of Louisiana Civil Code Article 1934, damages resulting from personal injuries may be assessed only after the trier of facts has found liability on the part of the defendant and that plaintiff has proved by a preponderance of the evidence the nature and extent of his injuries. In the Ballard case, the Supreme Court said:
“On appeal, if the appellate court affirms the lower court and quantum is the issue, the court should then review all the facts and circumstances on which the lower court based the quantum of award, but this review is confined to determining whether there has been an abuse of the ‘much discretion’ vested in the trial court in assessing damages.”
An award of general damages for personal injuries made by a trial court should not be disturbed on appellate review, unless the appellate court finds that the trier of facts has abused its great discretion in making such an award, after taking into consideration the facts peculiar to each personal injury case. LSA-Civil Code Art. 1934(3); and Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127, in which the Supreme Court said:
“We recognize that in cases of this type the Constitution makes it the duty of appellate courts to review both the law and the facts, but in their examination of the facts these courts must give effect to the basic law set out in Article 1934 (3) of our Civil Code that in the assessment of damages in cases of offenses and quasi offenses ‘much discretion must be left to the judge or jury’. This law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court’s examination of the facts reveals a clear abuse of the discretion vested in the lower court.”
We have carefully considered the facts on which the Trial Judge based his award, as well as the amounts awarded in the cases cited to us, insofar as they may indicate that the present award is inadequate and so out of proportion with prior awards in cases “similar” to the instant case as to indicate an abuse of the great discretion of the trial court in this regard. After the review of all the facts and circumstances required of us, we find that the awards made by the Trial Court are not so inadequate as to constitute an abuse of the “much discretion” which is vested in the trial court. We, therefore, affirm the awards made to plaintiff in this case.
For the foregoing reasons, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.