HEARD, Judge.
This is an action for damages arising out of a collision between a 1960 Chevrolet sedan and a 1961 GMC truck. Clarence B. Miller was driving the sedan westerly on 1-20 at about 40 miles per hour when the sedan was overtaken by the truck and struck from the rear. The truck was being driven by James R. Rooks for Greyhound Van Lines, Inc. Miller and his wife, Mrs. Gertrude Miller, were injured as a result of this collision and filed suit for damages against James R. Rooks, James Y. Rooks, who was a passenger in the truck, Greyhound Van Lines, Inc., and General Fire & Casualty Company, Greyhound’s liability insurer. Liability on the part of the four defendants is admitted and the only issue is quantum of damages.
The suit was tried before a jury which returned a verdict for Miller against the four defendants in the amount of $3,414, and for Mrs. Miller in the amount of $25,000. Defendants moved for a remitti-tur or, alternatively, for a new trial, and this was denied. Judgment was rendered in accordance with the jury verdict and defendants appealed suspensively from this judgment.
Defendants strenuously assert that the awards of the jury are excessive. First, they argue that there is evidence that Mrs. Miller’s back was structurally damaged through age prior to the collision, and therefore, that the defendants are not responsible for all of her damage. Assuming that Mrs. Miller’s back had deteriorated somewhat prior to the accident, the testimony is undisputed that she felt no pain and had no restrictions in her movement prior to the trauma. It is so elementary as to require no citation that “a tortfeasor takes his victim as he finds him.” Mrs. Miller made no complaints about her back to either neighbors or physicians prior to the collision. Even if her bones had deteriorated somewhat, it seems clear that the collision caused all of Mrs. Miller’s injuries.
Second, defendants argue that assuming Mrs. Miller’s condition was created or aggravated by the accident, the award was far out of proportion with prior awards for such conditions.
“The problem of appellate review of awards which are difficult to assess may be summarized in three statements. First, Louisiana Civil Code article 1934(3) grants the trial court a large degree of discretion in this area. Second, despite this discretion, the Louisiana Constitution requires appellate review of these awards. [La.Const. Art. VII, § 29]. Third, since such awards are by nature arbitrary, the appellate courts’ natural point of reference in determining whether or not an award is proper is to consider previous awards in similar cases.” [25 La.Law Review, 545 (1965)]
Our jurisprudence is such that a consideration of awards in “similar” cases is relevant to determine whether the trial court has abused its discretion in making a certain award. However, “. . . each case is different, and the adequacy or inadequacy of the award should be determined by the facts and circumstances peculiar to the case under consideration.” Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64, 67 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
Mrs. Miller’s back injury is rather severe. The trauma of the collision caused *501 or aggravated a compression fracture of the spine. In addition the trauma aggravated a pre-existing arthritic condition. Mrs. Miller, as a result of the accident, must take medication almost daily. She experiences pain frequently. She also is forced to wear a stiff and confining back brace. She can do very little housework and has been forced to sharply curtail her activities, both social and religious. She has trouble sleeping and must sleep on a board. Her neighbors or her husband assist her in dressing.
Research disclosed several similar cases. In Addison v. Traders and General Insurance Company, La.App., 212 So.2d 754 (3d Cir. 1968) a woman was awarded $10,000 for pain and suffering as a result of a back injury. She had received a sprain injury with a possible ruptured or herniated intervertebral disc in the lower lumbar area. Mrs. Addison experienced almost constant pain or discomfort in her back and she found it necessary to continue to take medication to relieve the pain. She had difficulty in doing her housework.
In Miller v. Allstate Insurance Company, La.App., 221 So.2d 908 (1st Cir. 1969) a man received $10,000 for pain and suffering from a back injury diagnosed to be a compressed nerve root due to the protrusion of the fourth intervertebral disc.
In Matthews v. New Orleans Public Service, Inc., La.App., 239 So.2d 420 (4th Cir. 1970) a severe sprain of the cervical spine and posterior cervical musculature as well as lumbosacral spine resulted in an award of $10,000 for pain and suffering. The plaintiff experienced constant but not extreme pain and was forced to abandon his chores around the house. Finally, in Gaspard v. LeMaire, supra, a fifty-five year old woman was awarded $19,500 for pain and suffering as a result of a compression fracture of the first lumbar vertebrae. Plaintiff had generalized osteoporosis (decalcification of the bones) prior to the accident. She was forced to wear a back brace and had trouble sleeping. She was taking medication one year after the accident and had difficulty doing her housework.
The facts in Gaspard are very similar to those in the instant case. The award of $19,500 in that case tends to indicate that an award of $25,000 in this case is not an abuse of the “much discretion” of the trial court. In light of the “much discretion” of the trial court in awarding damages, the awards in similar cases, and the particular facts of the instant case, we hold that the award of $25,000 to Mrs. Miller is not an abuse of discretion.
Mr. Miller was awarded $3,414. The stipulated value of the automobile was $284 and his medical expenses were shown to be $1,382. The jury thus awarded Mr. Miller $1,748 over and above these expenses for his injuries and for future expenses. There is no way to determine how much was awarded for future expenses and how much for personal injuries. Mr. Miller’s expenses for driving to and from the hospitals (Gibsland, Louisiana to Shreveport, and Gibsland to Minden) were not included in the $1,382 figure. In light of the “much discretion” accorded to the trial court in awarding damages, we cannot say that the award to Mr. Miller is excessive.
Having considered similar cases, the “much discretion” of the trial court, and most importantly, the facts of the instant case, we find no manifest error in the judgment of the trial court and it is affirmed with costs to be borne by appellants.