BLANCHE, Judge.
This suit arises out of an automobile accident which occurred on June 12, 1968, at the intersection of Morgan Street and Louisiana Highway 22 in the City of Madi-sonville, St. Tammany Parish, Louisiana. Plaintiff-appellant, Myrtle Annison, had stopped to make a left turn from Louisiana Highway 22 onto Morgan Street when her automobile was struck from the rear by an automobile driven by Jimmy D. Davis, whose vehicle, in turn, had been struck from the rear by an automobile owned and operated by defendant-appellee, Cornelius J. Polman. The liability of defendants, Cornelius J. Polman and Aetna Casualty & Surety Company, was admitted, and the sole issue at trial related to the amount of *332 damage sustained by plaintiff. The trial judge awarded plaintiff $5,524.55, including $4,500 for pain and suffering, $553.93 as the stipulated amount of her property damage, $470.62 as stipulated medical expenses, and denied her claim for loss of income. The plaintiff has devolutively appealed. We affirm.
Plaintiff-appellant assigns as error the trial judge’s failure to make an adequate award for plaintiff’s pain and suffering and his failure to award damages for loss of earnings,- future earnings and earning capacity.
The trial judge rendered Written Reasons for Judgment from which we quote approvingly as follows:
* * * % *
“The only question to be resolved is the quantum to be awarded to plaintiff. All medical was introduced by deposition and report.
“Dr. Patrick Hunter was the treating physician. He made a diagnosis of severe sprain of the posterior cervical muscles, the left trapezius muscle and the muscles in the lumbo-sacral area of the spine when he initially saw her after the accident on June 12, 1968. He prescribed medication, muscle relaxants and ultrasonic treatments. He saw her a total of ten times extending through October 28, 1968. During that time she continued to demonstrate objective symptoms so Dr. Hunter referred her to Dr. Campanella who saw her on October 3, 1968, November 14, 1968, February 25, 1969, and August 12, 1969. Dr. Campanella’s impression as taken from his report of October 29, 1969, (P-11) was:
‘Mrs. Annison sustained flexion-hy-pertension injury to the neck and a flexion injury to the lumbodorsal spine and a left sacro-iliac sprain. At the time of her last visit in August 1969, she was still symptomatic and, as you are aware, these patient’s (sic) tend to have recurrent symptoms over a period of many months, sometimes as long as 18 months to two years. However, it is my feeling that Mrs. Annison will eventually make a complete recovery.’
“Plaintiff was again seen on October 13, 1970 by Dr. Campanella who felt that she still had some residual complaints referable to her cervical spine which was prone to recurrent episodes of sympto-matology over a period of many months.
“An award of $4,500.00 will adequately compensate plaintiff for these bodily injuries.
“Additionally, plaintiff is entitled to recover the stipulated amount of her property damage of $553.93 as well as the stipulated medical expense of $470.62.
“Plaintiff also seeks an award for loss of income. The testimony indicated that plaintiff opened Nancy’s Rendezvous on April 22, 1968 and closed the business on July 9, 1968. Plaintiff sought to prove this alleged item of loss by the testimony of Mrs. Lana Pete who prepared P-13 from records given to her by plaintiff. The Court places absolutely no credibility on P-13 because it represents strictly a self-serving attempt by plaintiff to establish her income loss. Furthermore, the figures zvhich appear thereon are not even realistic. The remand for income loss is denied.
“For the above reasons, plaintiff is entitled to a total judgment of $5,524.55.” (Written Reasons for Judgment, Record, pp. 34, 35 — Emphasis supplied)
After a- review of the record, including plaintiff’s own testimony concerning her injuries, the deposition of Dr. Patrick R. Hunter, and the medical reports of Dr. Campanella, we feel that the award by the trial judge was not manifestly inadequate. The trial court possesses great discretion in assessing awards of damages, LSA-C.C. Art. 1934(3); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Ballard v. National Indemnity *333 Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), and we are satisfied from our review of the record that the trial court did not abuse this discretion.
Plaintiff lastly complains that her loss of earnings and earning capacity was shown' by uncontradicted evidence and the trial judge should have made an award therefor. Mrs. Lana Pete, a college student, testified that plaintiff furnished her the information from which she computed the monthly income which plaintiff received from operating a business known as Nancy’s Rendezvous. The invoices, receipts, bank statements and related books were not available at trial, as they were destroyed when plaintiff’s home burned. The accounting only covered a period from April 22 through May 31 and June 1 through July 9, 1968, and was prepared after plaintiff had ceased to operate the business. The accounting was obviously made at one time and without the benefit of any audit conducted by Mrs. Pete. The income tax statement of plaintiff for the year 1968 which should have shown her income from the lounge was not offered in evidence. The trial judge refused to accept Mrs. Pete’s statement as sufficient to prove plaintiff’s loss of income. We concur in this finding and quote approvingly from an opinion of this court in Jenkins v. Audubon Insurance Company, 110 So.2d 221 (La.App. 1st Cir. 1959) :
“Any loss of earnings or profits from plaintiff’s business occasioned by his personal injuries resulting from the accident may of course be recovered from the tortfeasor or her insurer, if proved with sufficient certainty. But although we have recognized instances where a plaintiff’s detailed and uncontradicted testimony as to such losses may constitute by itself proof thereof if so accepted hy the trial court, this court has also repeatedly held that an uncorroborated general estimate by a plaintiff as to his loss of earnings or profits is not sufficient proof of such loss, where corroborative evidence is shown to be available and is not produced. [Citations omitted]” (Jenkins v. Audubon Insurance Company, 110 So.2d 221, 225 — Emphasis supplied)
For the above and foregoing reasons, the judgment of the trial court is affirmed, at plaintiff’s cost.
Affirmed.