LOTTINGER, Judge.
Plaintiff-appellant, Nolan J. Triche, a guest passenger, suffered personal injuries in a truck-car collision on November 21, 1968, on U. S. 90 near Houma, Louisiana. The defendant-appellees Mathew Williams and his insurer Continental Insurance Company, stipulated liability and the case was tried on the issue of quantum only.
The Trial Court awarded Nolan J. Triche $12,000.00 for pain, suffering, and inconvenience and for the residual disability to his left shoulder, plus $40.00 in medical expenses which had not been paid previously by the defendant. The total award of $12,040.00 was subject to a credit of $2,600.50 advanced by the defendant to plaintiff before trial. The total award was therefore in the amount of $9,439.50. It is from this award that the plaintiff-appellant has appealed seeking an increase.
As defendant-appellees stipulated liability, and the only issue before the Trial Court and now before us is that of quan- *660 turn, we will not set out the facts of the accident itself. The injuries to plaintiff-appellant and medical in connection therewith are as follows. Plaintiff received injuries to the left scapula, head injury with concussion, flattening of left cheek which required surgery for the elevation of the depressed fracture, posterior dislocation of the right hip which was reduced by closed reduction, traumatic hematuria, and facial lacerations. At the time of the accident in question plaintiff was 36 years old. As a result of his injuries, he was hospitalized for almost two weeks and spent five months convalescing. As a result of the dislocated right hip, plaintiff limped for a period of approximately six months. It is apparent that the injury of the greatest consequence was that of the fractured scapula which the treating physician estimated to result in a 10% to 15% disability to plaintiff’s shoulder. Plaintiff’s medical expenses include a payment to St. Anne General Hospital of $666.00, a payment to Dr. Edward Rivet of $300.00, a payment for ambulance service of $20.00, and the sum of $40.00 due St. Anne General Hospital which remained unpaid at the time of trial.
Plaintiff was injured on November 21, 1968, and finally discharged on April 29, 1969. When injured, he was employed at $3.50 per hour and worked a 40 hour week, with occasional overtime. No payroll records were introduced to substantiate plaintiff’s testimony in this respect. The record reflects that plaintiff was unable to work during that time. He is entitled to be recompensed for loss of wages during that period.
The record further reflects that plaintiff missed 22j/£ weeks of work, and that he was earning $140.00 per week when injured. We find he is entitled to recover the sum of $3,150.00 for lost wages.
Appellant’s second specification of error is that the lower court failed to allow an amount for an impairment of appellant’s future earning capacity. In answer to this, we again quote from the Reasons for Judgment of the Lower Court.
“There is no doubt that plaintiff suffered painful and disabling injuries from the accident and is no longer able to do heavy construction work requiring the use of his left arm in an overhead position. We feel that his earning capability has been reduced, but we are unable to determine this loss with any degree of accuracy especially since economic conditions and job shortages may be partly responsible for plaintiff’s reduction, if any, in income.”
A reading of the record supports the finding of the trial judge in this respect, and again we do not believe the trial court to be in error in so finding.
Appellant’s third specification of error is that the amount allowed for appellant’s injuries was manifestly inadequate. Plaintiff has cited several decisions as illustrative of awards made by the appellate courts in cases involving multiple injuries and residual disability. Of course, none of these present facts identical to those presented here, but they do indicate a wide range of awards. On the question of quantum, we find and refer to the following cases.
In the case of Thomas v. Great American Indemnity Company, 83 So.2d 485 (1955) the award was $7,639.80 to a 76 year old man who incurred medical expenses of $639.80 for injuries consisting of a fractured shoulder, crushed arm, and bruises over most of his body as a result of being struck by an automobile. The plaintiff therein was hospitalized for 22 days, was then confined to his home for 31 days, and was undergoing treatment at the time of the trial.
In the case of Bowers v. Hardware Mutual Casualty Company, 119 So.2d 671 (1960) the award was $7,228.50 to a woman who had sustained multiple bruises and contusions about her body, sprain of her left wrist and thumb, and the fracture of *661 the interior margin of the glenoid vacity of the left scapula causing pain and discomfort which would probably continue indefinitely and causing permanent, partial loss of use of her left arm and shoulder. The plaintiff therein expended $526.30 for medical expenses and was confined to the hospital for 19 days.
Our jurisprudence is now firmly established to the effect that “much discretion” must be left to the trial judge or jury in the assessment of damages in torts. Gaspard v. Lemaire, 245 La. 239, 158 So.2d 149; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127; Ballard v. National Indemnity Company, 246 La. 963, 169 So.2d 64.
In applying the doctrine as set forth in the above cited cases, the Supreme Court, in Miller v. Thomas, 258 La. 285, 246 So.2d 16, reinstated a $60,000.00 judgment of the lower court which had been reduced by the appellate court to $25,000.00 saying:
“From these decisions, two principles emerge: (1) To modify the amount of an award for general damages, an appellate court must find that the trial judge or jury has abused the “much discretion” accorded by the codal provisions; (2) The awards in other cases serve only as an aid in determining whether there has been an abuse of discretion and rivet no steel frame of uniformity.”
The codal provision to which the court referred is Civil Code Article 1934, Subd. 3, which provides, in part, as follows:
“In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury. . . .”
We do not find that the trial court abused its discretion in awarding $12,040.-00 (subject to a credit of $2,600.50) for pain, suffering, inconvenience, residual disability of the left shoulder, and the remaining medical expenses which had not been paid by defendant.
For the above and foregoing reason, the judgment of the trial court is amended so as to increase the gross amount thereof to $15,190.00, subject to a credit of $2,600.50, stipulated as advanced by defendant to plaintiff before trial, and, as amended, it is affirmed, at defendant’s cost.
Amended and affirmed.