WATSON, Judge.
This appeal is concerned solely with the quantum of $6,716.71 awarded plaintiff by the trial court for the injuries he sustained in an accident on October 20, 1970. Plaintiff, Villa J. Doucet, was driving a Travel-all station wagon and was struck from the rear by a school bus owned and operated by defendant-appellee, Dale E. Werner. Defendant Werner had a contract of employment with the Vernon Parish School Board and was in the course of that employment at the time of the accident. The school bus was uninsured.
The trial court found that the Vernon Parish School Board was legally responsible for the negligence of Dale E. Werner, a tenured school bus driver on a school board mission; and that defendant Wer-ner, as the owner of the bus, was responsible to the school board for any damages paid by the school board as a result of the accident.
Plaintiff Doucet had been paid $3,143.26 by Travelers Insurance Company as workmen’s compensation and $3,573.45 by State Farm Mutual Automobile Insurance Company as uninsured motorist coverage. The parties agreed that State Farm Mutual Automobile Insurance Company and Travelers Insurance Company were entitled to subrogation for the amounts paid as workmen’s compensation by Travelers and the medical payments, uninsured motorist protection and collision damage paid by State Farm.
Suit against the school board had been authorized by the Legislature of the State of Louisiana.
The trial court gave judgment in favor of plaintiff, Villa J. Doucet, and against defendants, Dale E. Werner and the Vernon Parish School Board, jointly and in solido, in the sum of $6,716.71. It was ordered that Travelers Insurance Company be paid $3,143.26 from the amount of the judgment and that State Farm Mutual Automobile Insurance Company be paid $3,573.45 from the amount of the judgment. There was also judgment in favor of third party plaintiff, the Vernon Parish School Board, and against the third party defendant, Dale E. Werner, in the sum of $6,716.71.
Plaintiff has appealed only as to the amount awarded, contending that the trial court erred in finding that the sum of $6,716.71 adequately compensated him for all injuries resulting from the accident. Defendant-appellee, Dale E. Werner, has answered the appeal in proper person asking that the decision of the trial court be upheld.
The issue before us, therefore, is whether the amount awarded plaintiff is within the “much discretion” accorded to the trial court in assessing damages.
The medical evidence shows that plaintiff was treated in the Leesville Hospital and released on the day of the accident. On the same day he went to the West Cal-casieu-Cameron Hospital about 10:00 P.M. where he was seen by his family doctor, Dr. Charles F. Fellows, a physician and surgeon in general practice, who admitted him to the hospital. Dr. Fellows testified by deposition that his initial examination following the accident was limited to the neck and the back. Plaintiff had some neck tenderness; some limitation of flex-ion and muscle spasms. X-rays of the cervical spine were essentially negative. X-rays of the lumbosacral region showed mild hypertrophic arthritis, which indicated possible aggravation of a preexisting condition. Plaintiff stayed in the hospital two days and was then sent home with muscle relaxants and analgesics for pain. Dr. Fellows stated that his initial diagnosis was a lumbosacral strain or possibly a ruptured intervertebral disc.
Dr. Fellows reported in January, 1971 that plaintiff was unable to work. Although plaintiff had had a previous back injury, Dr. Fellows stated that he had recovered from this. Dr. Fellows testified that he did not believe plaintiff’s injury *254 was related to his former back injury but constituted a separate and distinct injury.
Dr. Fellows last saw plaintiff on August 16, 1971. Dr. Fellows stated that he was unfit to do heavy work and unable to work as a truck driver.
Dr. Jerome W. Ambrister, an orthopedic surgeon, also testified by deposition. He first saw Mr. Doucet on November 18, 1970, and again on December 11, 1970. Dr. Ambrister diagnosed plaintiff’s symptoms as residuals of a straining injury of the lumbosacral area. He reported that plaintiff’s symptoms of injury should subside in approximately six weeks. Dr. Am-brister stated that his diagnosis of a lum-bosacral strain was only made by giving plaintiff the benefit of every doubt. He found no muscle spasm and the flattening of the lumbar area was stated to be questionable as a symptom. At his examination on December 11, 1970, Dr. Ambrister found no objective symptoms of injury.
Dr. George P. Schneider also testified by deposition as a specialist in orthopedic surgery. He originally saw Mr. Doucet on February 9, 1971, approximately four months post injury, at the request of Dr. Fellows. He then saw plaintiff at intervals through April 22, 1971. Dr. Schneider diagnosed a lumbosacral strain and found some signs of nerve root irritation. He could not state whether these were residuals of an old injury or an aggravation of that injury. Dr. Schneider stated that plaintiff was apparently going through periods of gradual remission and exacerbation and was responding to treatment. He estimated that plaintiff might go back to truck driving after four to six months. Dr. Schneider stated that plaintiff had a definite physical problem and objective symptoms of injury.
Mr. Dale E. Werner, defendant, testified that he is a school bus driver and a part time salesman for three companies. Mr. Werner testified that he had been driving a school bus for eight years for the Vernon Parish School Board. His bus was involved in a collision October 20, 1970, on Highway 171 in Leesville at approximately 3:45 P.M. It was a 60 passenger, 1963 model, Chevrolet which he had owned for a year and a half to two years. He grossed $500.00 a month on his contract with the School Board from which he had to pay his insurance, gas and operating expenses. Mr. Werner attributed the accident to a defect in his brakes; he suddenly found that his brakes were inoperative. He testified that the impact was so slight that the books of his one passenger did not even slide off the seat. Mr. Werner said that he thought he had liability insurance but discovered after the accident that he did not. He emphasized that he was going exactly five miles an hour at the time of the impact.
Although the question of liability is not before this court, the foregoing indicates that the bus was not going at a high rate of speed at the time it collided with plaintiff’s vehicle.
Plaintiff, Villa J. Doucet, testified that he is a minister attending the Baptist Bible Institute. The accident occurred when he stopped behind a truck and was hit by a school bus which pushed him into the truck. He stated that his back started hurting shortly after the collision and he was taken to the emergency room in the Leesville Hospital, where he had a brief examination and was dismissed. His wife then took him to the West Calcasieu-Cam-eron Hospital in Sulphur where he stayed three days. He later returned to the hospital for ten days.
At the time of the accident, Mr. Doucet testified that he was president of Scotty’s Brick Company and also owned stock in Doris Truck Service and acted as a salesman for both companies. He stated that he drove a dump truck for Doris Truck Service and also hauled pit run and sand and gravel. He also hauled- brick, cement and sand for Scotty’s Brick Company. After the accident he was unable to return to work and was forced to liquidate both *255 companies because he could not take care of the businesses. He stated that he bought Scotty’s Brick Company for $10,000.00 and sold it for $4,000.00, $2,000.-00 in cash and $2,000.00 in a note which is not collectable.
Mr. Leonard P. Hicks, a CPA with the firm of Quirk and King, stated that he kept the wage information and payroll records for Doris Truck Service, Inc., which employed plaintiff Doucet at a gross weekly wage of $210.00 up until October 20, 1970. Plaintiff’s last check prior to the accident was received October 19, 1970, and he received no further wages until the week ending March 17, 1971. He was thereafter paid for three weeks until the corporation was liquidated on March 31, 1971.
Mr. Arthur Burch, an accountant associated with Scotty’s Brick Company, Inc., testified that he was office manager of the corporation in October, 1970, and now is its liquidator. He stated that he did the accounting and bookkeeping for the corporation. Plaintiff Doucet was employed as a salesman by that company. Mr. Burch stated that Mr. Doucet continued to work for Scotty’s Brick Company after October 20, 1970, the date of the accident, but his productivity as a salesman declined after that date. The business of the corporation declined to the point where it was sold on December 29, 1970, with the buyer assuming the obligations of the corporation. Mr. Burch testified that plaintiff was first involved with the corporation on October 10, 1970, about ten days before his accident. Plaintiff owned all of the stock of the corporation, was general manager and also principal salesman.
The trial court found that plaintiff apparently suffered an ordinary back strain as a result of the accident. This finding was within its discretion and is not manifestly erroneous. The trial court also found that plaintiff incurred medical expenses totaling $1,063.10.
The proof on the question of losses by plaintiff’s two companies as related to the accident is inconclusive.
We are mindful of the trial court’s much discretion on questions of quantum and we find no manifest error in the award of the trial court. LSA-C.C. art. 1934; Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964), and Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967).
For the foregoing reasons, the judgment of the trial court is affirmed, at appellant’s costs.
Affirmed.