GRISBAUM, Judge.
This is a personal injury case in which liability was stipulated. Plaintiffs, Lawrence M. Owens and his wife, Betty Gray Owens, appeal the amount of damages awarded. We affirm.
*1194 Mr. and Mrs. Owens were injured in a collision on November 30, 1978 when an automobile driven by Joachim J. Fernandez and rented by him from American International Rent-A-Car struck the rear of the Owens’ vehicle. They sued Mr. Fernandez and Hartford Insurance Company for damages and later supplemented their petition to include American International Rent-A-Car claiming that Mr. Owens was entitled to property damage along with damages for pain and suffering, mental anguish and inconvenience, and loss of wages and that Mrs. Owens was entitled to damages for pain and suffering, mental anguish and inconvenience, and future pain and suffering. At trial defendants stipulated to negligence and liability; the matter was submitted solely on the issues of whether injuries and property damages were sustained and the measure of damages necessary to compensate plaintiffs for these. After hearing testimony from Mr. and Mrs. Owens and studying exhibits and reports entered into evidence, the trial court granted judgment in favor of plaintiffs in the following manner: To Lawrence M. Owens, $1000 for personal injuries and $2555 for property damage, and to Betty Gray Owens, $3500 for personal injuries.
Basically, Mr. Owens suffered a whiplash injury to his neck and back which caused him pain for three to four months. He had tenderness in the paravertebral cervical muscle bundles and moderate limitation of rotation of the cervical spine. He was not hospitalized; however, he was administered medication and medcosonolator treatments for over a month. Examination by a physician of Mrs. Owens revealed tenderness over the paravertebral cervical muscles and bones and tenderness in both shoulders together with some myositis in that area. She was treated for five months with diathermy, medication, and a cervical collar. During this time due to her continued complaints of headaches and neck pain, a neurosurgeon examined her in January of 1979. Finding that she suffered from a cervical muscular strain and possibly a cervical nerve strain, he recommended symptomatic and conservative treatment. Through the five months of treatment she complained of considerable pain in her neck and shoulders. Moreover, Mrs. Owens still suffers headaches and painful “catches” in her neck and shoulders.
The only issue is whether the trial court abused its discretion in making its award for damages. Louisiana Civil Code Article 1934(3) and Louisiana Supreme Court cases set forth the principles of appellate review for assessment of general damages. Article 1934(3) provides that in assessing general damages, “much discretion must be left to the judge or jury . ... ” Applying Article 1934(3) to review of damage awards, Supreme Court decisions have indicated a methodology for this review. See Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, 341 So.2d 332 (La.1976); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963). Only if the record “clearly reveals” that the trier of fact abused its discretion in making its award of damages, can we disturb an award of the trial court. Coco, 341 So.2d 332, 335. We find no clear abuse of discretion in this case. As Lomenick explained, the rationale behind appellate review of general damages is to give effect to the large discretion given to the trier of fact in determining the amount of damages. Lomenick, 200 So.2d 127, 132.
Appellants cite several cases involving larger amounts for similar injuries to support their contention that the awards are inadequate. While involving cervical strain, there are other facts in each case which make them in fact dissimilar to the case at bar. In determining whether there has been an abuse of discretion, we are aided by damage awards in other cases, but we primarily look to the facts and circumstances peculiar to this case. Miller, 246 So.2d 16,19. Moreover, similar cases act as an aid when it can be shown that the award is “greatly disproportionate” to past awards *1195 (not selected past awards, but the mass of them) for “truly similar” injuries. Reck, 373 So.2d 498, 501. Our review of similar injury cases shows that the award is not greatly disproportionate.
We affirm the trial court’s award of $3500 to Mrs. Owens and $1000 to Mr. Owens. The costs of this appeal are assessed to the appellants.
AFFIRMED.