CULPEPPER, Judge.
The plaintiff, Mrs. Julia Broussard, seeks damages for personal injuries arising out of an intersectional collision. Plaintiff was a passenger in one of the vehicles.. She named as defendants the drivers and insurers of both automobiles. A jury awarded plaintiff $3,000, including both general and special damages. After the district judge refused plaintiff’s request for an additur, LSA-C.C.P. Article 1813, the plainiff appealed asking an increase in the award.
On appeal, the defendants do not contest their liability. The sole issue presented here is the sufficiency of the award.
The accident occurred on June 20, 1966. Plaintiff, 67 years of age, was on the front seat. She was thrown forward, striking her head against the windshield and her knee against the dashboard. She was taken immediately to St. Patrick’s Hospital in Lake Charles, where she was seen in the emergency room by Dr. Jerome. W. Am-brister, an orthopedic specialist of Lake Charles. He diagnosed bruises and abrasions of the forehead, left foot, left leg, left hand, the medial aspect of the right thigh and over the medial right patella. It was Dr. Ambrister’s recommendation that plaintiff be hospitalized for a few days for observation. However, on her request, plaintiff was allowed to return to her home.
Plaintiff remained at home for the next week or two. Most of the bruises healed, but the right knee remained swollen and very painful. She says she tried to see Dr. Ambrister, but he had suffered a heart attack.
On August 23, 1966, which was about two months after the accident, plaintiff was first seen by Dr. Charles V. Hatchette, an orthopedic surgeon of Lake Charles. Dr. Hatchette testified that plaintiff was in severe pain with swelling of the right knee *546 and complaints of a catching sensation in the knee joint. Treatment with cortisone gave relief. X-rays showed a loose body, probably a piece of the femur, in the knee joint, and also a possible tear of the medial cartilage, superimposed on arthritis of the joint. In view of the history that plaintiff had no swelling or pain in the knee joint before the accident, Dr. Hatchette was of the opinion that the accident caused plaintiff’s injury.
Dr. Hatchette continued to see and treat Mrs. Broussard until shortly before the trial of this case in June of 1967. It was this physician’s recommendation that surgery be performed to repair or remove the loose body and the torn cartilage. Dr. Hatchette testified that such an operation would require a general anesthesia, about five days in the hospital and then approximately six months to rehabilitate the leg. The prognosis was for good recovery but with about 15% residual disability of the right leg. The cost of such an operation was estimated to be $500. Without surgery, Dr. Hatchette was of the firm opinion that plaintiff’s condition would steadily worsen.
The stipulated medical expense already incurred is $571.26. The future medical expense, for the surgery recommended by Dr. Hatchette, is $500. Transportation es-penses necessary for the many office visits to Dr. Hatchette amounted to $106. Thus, there was $1177.26 of special damages proven. Deducting this amount from the jury award of $3,000, leaves only $1,822.74 of general damages for pain, suffering and disability.
Recent jurisprudence from our Supreme Court regarding appellate review of the quantum of damages awarded by the trial court for personal injuries stresses that each case must be considered in the light of its own peculiar facts. Awards made in prior similar cases shall be considered only to determine whether the award being passed upon is so manifestly excessive or inadequate as to constitute an abuse of the great discretion vested in the trial court. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967).
We think the award in the present case is so manifestly inadequate as to constitute an abuse of the discretion of the trial jury. An award of $5,000 for pain, suffering and disability, plus the proven special damages, is fully justified.
For the reasons assigned, the judgment appealed from is amended to increase the total award to $6,177.26. As thus amended, the judgment on' the principal demand is affirmed. The judgment on the third party demand is also amended proportionately. All costs of this appeal are assessed against the defendants appellees.
Amended and affirmed,