SWIFT, Judge.
On February 13, 1967, while walking along Canal Street in New Orleans, Mrs. Leona Guilbeau was struck and injured by an automobile driven from a parking lot by Mrs. O. J. Blanchard. When this suit for her personal injuries and the expenses incurred thereby came to trial, through stipulation of counsel, the liability of Gulf Insurance Company, the public liability insurer of Mr. and Mrs. Blanchard, was admitted and the latter parties were dismissed from the suit. After hearing evidence in regard to damages, judgment was rendered in favor of Mrs. Guilbeau for $9,000.00 and her husband for $1,412.66 to cover the special damages.
The defendant insurer has appealed only as to that part of the judgment in favor of Mrs. Guilbeau. Therefore, the only issue before this court is whether or not the award to her was proper.
At the time of the accident Mrs. Guil-beau was 52 years old. She was taken by ambulance to Southern Baptist Hospital and examined by Dr. Fred W. Maher, a general surgeon who also deals with fractures, for complaints of pain in the abdominal region, right shoulder and left elbow. Tenderness was also elicited on pressure to the pelvic bones. X-rays revealed a fracture of the superior and inferior ramus of the pubic bone.
Plaintiff was hospitalized until March 3, during which time she was confined to bed and given medication. No casting or traction was required to correct the pelvic fracture. After discharge from the hospital Mrs. Guilbeau was in bed at home until *278 March 27. Although not fully recovered from the pelvic injury her chief complaint on that date was pain in her right shoulder for which Dr. Maher administered a cortisone injection. He continued with treatment primarily for her shoulder pain, but by April 17 plaintiff also began to experience pain in her low back region. X-rays revealed no evidence of fracture or dislocation, but Dr. Maher concluded she had sustained a ligamentous injury as a result of the accident. She continued to suffer pain in her back and shoulder and was treated for same. On her visit of October 14, 1967, she told Dr. Maher her arm felt better but the pain in her back was still present. However, Mrs. Guilbeau had slipped and fallen in a grocery store a few days before. It is not clear from the record just what effect this had on the condition which then existed in her back. In any event, although plaintiff was treated subsequently by Dr. Maher for illnesses not related to the accident, her last complaint to him of back pain seems to have been in early January, 1968. Her shoulder pain apparently subsided in December, 1967.
Dr. Maher predicted that changes in the weather will cause Mrs. Guilbeau to suffer stiffness and pain in the pubic area and the involved shoulder and elbow joints for some time in the future.
Dr. Hyman Soboloff, an orthopedic surgeon, examined Mrs. Guilbeau on September 25, 1967, at defendant’s request. He found her right shoulder was limited in the last twenty degrees of abduction, or in moving the arm away from the body and up. External rotation of the shoulder elicited complaints of pain at the extreme. Plaintiff also complained of soreness in the low back area on forward flexion and on percussion over the sacral segments. His x-rays revealed no evidence of boney injury. However, small osteophytes were noted at the superior pole of the lumbar vertebrae and there was a small area of irregularity over the great tuberosity in the shoulder. Dr. Soboloff felt his examination of Mrs. Guilbeau’s lumbar spine was negative, but he said the restriction of motion and irregularity found in the shoulder were objective and could have been related to the accident of February 13,1967.
Defendant has cited a number of cases in an effort to convince this court that the $9,000.00 award to Mrs. Guilbeau was grossly excessive. However, none of the injured parties in those cases suffered the same injuries as did this plaintiff.
“Recent jurisprudence from our Supreme Court regarding appellate review of the quantum of damages awarded by the trial court for personal injuries stresses that each case must be considered in the light of its own peculiar facts. Awards made in prior similar cases shall be considered only to determine whether the award being passed upon is so manifestly excessive or inadequate as to constitute an abuse of the great discretion vested in the trial court. * * *” (Broussard v. Allstate Insurance Company, 208 So.2d 544, La.App. 3 Cir.1968, at page 546).
We have examined this record carefully and are convinced Mrs. Guilbeau suffered serious and painful injuries to her pelvic region, right shoulder and back as a result of the accident. She also sustained a minor injury to the left elbow. While the award of $9,000.00 was high even for all of these personal injuries, we cannot say that it was so excessive as to constitute an abuse of the great discretion vested in the trial judge.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.