MILLER, Judge.
Loy Oxley seeks by this appeal to increase the $1,000 awarded for disability, pain and suffering and $195 ($100 deductible on his car and $95 medical) special damages resulting from an automobile accident which occurred February 8, 1969 near Converse, Louisiana. Defendants admitted liability.
The trial court found that plaintiff’s acute lumbosacral strain was relatively minor and left no permanent injury. Addi *91 tionally plaintiff suffered a cut on his head, headaches and blurry vision. The headaches and blurry vision cleared a few weeks later.
Appellant contends that the medical evidence established that the accident caused plaintiff to suffer a protruded disc which subsided by October 1969; that plaintiff now suffers from degenerative disc disease, which may eventually require a painful operation; and that the award should be increased to $37,000.
The trial court emphasized that plaintiff had worked regularly since the accident. At the time of the accident, plaintiff was an independent pulpwood producer. He cut, loaded and hauled pulpwood from October 1968 until February 27, 1969. He produced about as much pulpwood in the three weeks following the accident as he produced in any similar period prior thereto. Plaintiff explained that one of his sons helped cut and load pulpwood after the accident.
Plaintiff sold his pulpwood truck and equipment on February 28, 1969 (3 days after he first sought medical attention). He told the pulpwood buyer that he was selling the equipment because he could not get labor to help. Plaintiff testified that the real reason for getting out of the pulpwood business was that his back prevented him from working.
Within a few days he went to work for a Billips station working 12 hour days 6 days each week. On April 15, 1969 he quit this job to work as a logging truck driver 9 hours each day 5 days each week. At trial he was so employed. Plaintiff contends that his back caused him to miss a lot of work, but his work record is similar to that of all his employer’s truck driyers.
Plaintiff first sought medical treatment on February 25, 1969 when his back started bothering him. Tr. 49. He was also concerned about his blurry vision. He selected Dr. John A. Kopfinger, general practitioner, who saw him on only this one occasion. Dr. Kopfinger found that plaintiff suffered “just a mild strain” and was of the opinion that plaintiff could work. Tr. 156. He found plaintiff’s symptoms similar to those which would be found if plaintiff had suffered a protruded disc injury, but he did not make such a diagnosis.
On two occasions plaintiff’s counsel sent plaintiff for treatment and evalutation to Dr. Harry F. Jones, orthopedic surgeon. He was first examined April 15, 1969, the same day that his employer’s records show that he worked a full 9 hour day as a logging truck driver. According to the history on which Dr. Jones based his diagnosis, plaintiff had not worked since the injury.
Dr. Jones second examination was conducted October 13, 1969 (2 weeks before trial). At that time Dr. Jones learned that plaintiff “had returned to work on a part time basis in August of 1969.” Tr. 88.
Since the history given Dr. Jones varied so substantially from the facts, and since the only medical opinion which supported plaintiff’s claim that he suffered a protruded disc injury was, in part, based on this inaccurate history (Tr. 99), the trial judge properly discredited this opinion.
Dr. Ray E. King, orthopedic surgeon, examined plaintiff on June 17, 1969 at the request of defendants. X-rays were negative and there was no muscle spasm present. Plaintiff’s complaints of back pain were accepted as genuine and on that basis Dr. King found residuals of an acute lumbosacral strain. Dr. King thought these symptoms and complaints would gradually subside and that plaintiff had no permanent injury resulting from the accident.
There are factors which favor plaintiff’s version of the case. He had to work as the sole support for his wife and seven children — one in college and all living in his home. His religious beliefs support faith healing and therefore he preferred to avoid medical treatment. Dr. Jones testified that his opinion was based on objective symptoms and apparently a correct *92 work history would not change his diagnosis.
The trial court found more reason to disregard plaintiff’s history and his subjective symptoms than to support them. We do not find manifest error in the finding that the lumbosacral strain was mild and left no permanent disability.
Applying the principles of Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) and Ballard v. National Indemnity Co. of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964), we approve the trial court’s awards.
Judgment affirmed at appellant’s cost.
Affirmed.