REGAN, Judge.
Plaintiff, Wilson J. Boudreaux, filed this suit against the defendants, Altex Ready Mixed Concrete Corporation and its liability insurer, endeavoring to recover damages for personal injuries and medical expenses which he asserts were incurred as the result of the negligence of the defendant’s employee in rear ending his vehicle.
The only question posed for our consideration herein involves the adequacy of the lower court’s award of damages to the plaintiff, the defendants having conceded liability. After a trial on the merits, judgment was rendered in favor of the plaintiff in the amount of $522.50, and from that judgment the plaintiff has prosecuted this appeal.
The evidence inscribed in the record discloses that the plaintiff was operating a *722 dump truck and had stopped to pay a toll at the Sunshine Bridge in St. James Parish when he was struck from the rear by another truck owned by the defendant and operated by one of its employees. His injuries resulted from this collision. Thereafter the plaintiff was seen three times by his physician, the first visit occurred approximately one week after the collision and the third visit being less than one month later. The plaintiff’s total medical expenses were $22.50.
He initially argues that the lower court erred in that it should have made an award to him for lost wages which he insists were caused by his injuries, however, the testimony of the plaintiff clearly reveals that he was not sure of either the amount of his wages or the period of time during which he was incapacitated from working. The trial court found as a fact that the uncorroborated testimony of the plaintiff with respect to the approximation of his lost wages was not sufficient proof to justify an award therefor.
The second error urged by the plaintiff is the inadequacy of the award in damages for the injury sustained by him as a result of the collision. He argues that the lower court erred in finding that he incurred a “mild muscle sprain of the cervical and lumbar region of the back,” when in fact the medical report stipulated that the plaintiff suffered a “moderately severe whip lash of the neck and back.” An analysis of the plaintiff’s testimony discloses that he did not incur any extensive period of lost employment, and that he visited no doctor other than his family physician which occurred three times in the course of less than a month after the accident. Despite his testimony of continuing pain in his back and neck, the lower court was faced with the undisputed fact that the plaintiff saw his physician only three times and the physician stated that as of the date of the last visit he experienced only occasional pain in the neck and back.
To reiterate, the trial court concluded that the injuries incurred by the plaintiff only justified an award in his favor in the amount of $522.50. The significant question which this appeal has posed for our consideration is whether the foregoing conclusion of the trial judge is so erroneous and unsupported by the record as to warrant a reversal by us.[1]
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony adduced herein or by endeavoring to distinguish the innumerable cases cited by the plaintiff in an effort to persuade us to raise the amount awarded to the plaintiff by the lower court; suffice it to say that the cases cited are inapposite to the factual conditions now before us and they do not reveal that the court abused its discretion in its assessment of damages.
The trial judge was convinced that the plaintiff only sustained injuries sufficient to justify an award to him of $522.50, and our evaluation of the record convinces us that the evidence preponderates to this effect and that the judgment is therefore correct.
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiff is to pay all costs incurred herein.
Affirmed.

. In deciding this question, it is necessary that we consider the wide discretion afforded the trial court in matters of assessing damages. See Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1966); and Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1968).