HALL, Judge.
This action was originally instituted by Robert L. Braddock for injuries sustained by his fifteen year old son, Lester L. Braddock, in an accident which occurred on September 17, 1965, when a motorcycle driven by young Braddock collided with an automobile driven by defendant, James S. Rawls. The case was tried in March, 1973, about seven and a half years after the accident, at which time Lester L. Braddock, who had reached the age of majority, was substituted as the party plaintiff. Plaintiff’s present counsel were enrolled as counsel in lieu of previous counsel at the same time. The trial court ruled in favor of plaintiff awarding him $1,750 for pain and suffering and $475 for medical expenses.
This appeal by plaintiff is limited to the issue of the adequacy of the award of damages for pain and suffering. We affirm the judgment of the trial court.
Plaintiff was examined and treated by Dr. John Coats, a general practitioner, and by Dr. Faheam Cannon, an orthopedic surgeon. At the trial plaintiff introduced two written reports by Dr. Coats and a written report by Dr. Cannon and the bills of these doctors in lieu of their testimony concerning plaintiff’s injuries.
Dr. Coats’ first report dated August 14, 1966, states he saw plaintiff on September 18, 1965, the day after the accident, and plaintiff was complaining of pain in his *433 neck, right shoulder and clavical, lumbar area, right thigh and hip and both knees. Muscular spasm of plaintiff’s cervical and lumbar musculature was noted as being obvious. Dr. Coats also noted as obvious multiple abrasions and contusions as well as ecchymosis on plaintiff’s shoulder, hip, right lateral lower third of the thigh and both knees. At this time Dr. Coats made x-rays which revealed no definite fracture of the injured areas. He did note a very minimal separation of the right acromio-clavicular joint and spasm of the cervical and lumbar musculature. Muscle relaxants, analgesics, enzymatic agents, injections and ultrasonic treatments were administered. In addition, plaintiff’s right shoulder was placed in a sling and his arm was swathed across his chest.
Dr. Coats continued conservative treatment at intervals throughout the fall and winter. He noted plaintiff would do well during warm sunny periods and would complain of aching and stiffening up during cold rainy periods. In the middle of October, plaintiff began complaining of a burning pain down the course of his right sciatic nerve which- continued to cause him discomfort during the winter. Plaintiff received a total of twenty-five ultrasonic treatments.
Dr. Coats concluded in his report that plaintiff suffered multiple abrasions and contusions; ecchymosis of the right shoulder, hip and lateral thigh; sprain of the musculotendinous structures of the cervical and lumbar spine; minimal right acromio-clavicular separation and post-traumatic sciatic right.
On September 28, 1965, eleven days after the accident, Dr. Cannon examined plaintiff. He states in his report there was tenderness over the posterior aspect of acrom-ion, however, shoulder motion was normal. Plaintiff complained of pain in his right shoulder on abduction. Dr. Cannon noted a tender depressed area over the mid-clavical on the right side, however, there was no crepitation. There rwas ecchymosis along the lateral aspect of the upper third of the right thigh, but no defect was palpable in the deeper tissues. There was a small abrasion over the prepatellar area of the right knee which presented normal motion. Dr. Cannon reviewed the x-rays taken by Dr. Coats and found no evidence of fracture. He concluded plaintiff sustained multiple abrasions and contusions and there was no fracture of the right shoulder. He instructed plaintiff to use only the sling and to initiate active movements of the shoulder. Dr. Cannon stated:
“The use of hot tub baths for the remainder of his pathology should be sufficient to effect a complete recovery.”
Dr. Coats’ second report dated September 20, 1967, states he examined plaintiff on September 13, 1967. Plaintiff complained of pain in his right shoulder, weakness of grip in his right hand, pain in his right hip, a tendency of his legs to give way at times, and aching 'in his knees at times. Dr. Coats concluded:
“In essence the patient presents the usual sequelae of having forcefully struck a hard object with multiple severe abrasions and contusions. The recurrent residual discomfort at times especially with weather changes is not unexpected. I believe no permanent residual injury is to be expected except as noted above.”
Plaintiff testified he was in extreme pain following the accident. He further stated that due to the accident he missed about one-half year of school off and on, was unable to take physical education in school for two years and still1 has trouble with his injuries during wet weather. Plaintiff’s mother testified that due'to the accident plaintiff had trouble sleeping, missed one-half a semester in school sporadically, made low grades in school and vomited frequently.
The trial court in its written reasons for judgment stated:
“By a preponderance of the evidence, the plaintiff has proven he sustained a muscular strain of the cervical and lum *434 bar spine in the accident. Apparently, he did not mention, and Dr. Cannon did not detect, pain in these areas eleven days after the accident. For this reason, we have decided that the cervical and lumbar sprains were mild and had virtually cleared within eleven days after the accident. Beyond this, the evidence of injury resulting from the accident is not strong enough to convince us that plaintiff’s continuing complaints were caused by the accident.
“The testimony of the plaintiff and his mother regarding his sporadic absences from school during the year following the accident was indefinite, uncorroborated by school records or other specific information, and was not medically explained by the doctors’ reports. The plaintiff’s complaints of pain at the time of the trial, some seven years after the accident, were not supported by medical testimony and apparently had not been severe enough to require a physician’s attention during the past five years.”
The report of the treating orthopedic surgeon, Dr. Cannon, has a minimizing effect on the extent of plaintiff’s injuries. It was his opinion that hot baths would be sufficient to effect a complete recovery. There was no mention in Dr. Cannon’s report of pain in or injury of plaintiff’s cervical and lumbar spine. Dr. Coats' second report states there was no permanent residual injury except plaintiff’s complaints of discomfort which were not unexpected in this type of injury. The medical evidence does not support the full extent of plaintiff’s complaints as being related to the accident.
We feel the award for pain and suffering in this case of $1,750 is on the low side. However, we conclude the trial court stayed within the bounds of its “much discretion” in setting the award at this amount. LSA-Civil Code Art. 1934(3). See Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964).
‘For the reasons assigned, the judgment of the district court is affirmed at plaintiff-appellant’s cost.
Affirmed.