DOMENGEAUX, Judge.
This is a suit for injuries sustained by the plaintiff and his family in an automobile accident which occurred on October 11, 1970, at approximately 4:30 P.M. on U.S. Highway 190, about 3/io of a mile east of the Beauregard and Allen Parish line. Defendants are Richard B. Walker (father of the minor child, Wade Walker, who was the driver of the other automobile involved in the accident), his insurer, Southern Farm Bureau Casualty Insurance Company, and the State of Louisiana through the Louisiana Department of Highways. After a trial on the merits a decision was rendered in favor of the plaintiffs solely against the defendant, the Louisiana Department of Highways. All claims filed against the defendants, Richard B. Walker and Southern Farm Bureau Casualty Co., were dismissed. From this judgment the Louisiana Department of Highways filed an appeal.
The facts of this case are that on the aforementioned date the plaintiff was driving east of U.S. Highway 190 and experienced car trouble causing him to pull off the highway and park on the shoulder of the road. Plaintiff walked around the front of his automobile, and at the time of the accident was looking underneath the hood in an attempt to remedy the mechanical problem. His family remained in the vehicle.
Highway 190, in the immediate area of the accident, was a two-lane concrete highway which had been overlaid with an asphalt or blacktop mixture a number of years prior to the date in question. This asphalt overlay, however, had subsequently been worn down by the passing of a countless number of vehicle wheels. As a result several “ruts”, ranging from one to three inches deep, had been worn in both the east and west bound lanes of the highway for a number of miles. When these “ruts” became filled with water the road became extremely dangerous to motorists. There were, however, no signs or other warnings placed by the highway department to indicate to the traveling public that the highway was dangerous in this particular area, especially when it was raining.
The record further reveals that on the aforementioned date, Wade Walker was driving his father’s automobile and was proceeding in a westerly direction on this same stretch of road. There is testimony to the effect that as he was so driving the tires of his vehicle fell into the aforementioned “ruts”, causing Walker to lose control of his vehicle which subsequently struck the plaintiffs’ parked automobile. It was drizzling rain at the time of the accident.
The trial court found the defendant, the Department of Highways, solely negligent under the particular facts and circumstances in failing to properly maintain the highway and post signs warning of unusual hazardous conditions. Although this fact was apparently disputed by the Louisiana Department of Highways, (since the agency appealed) the question is not before us inasmuch as the defendants did not appear nor file an appellate brief prior to the July 10, 1974, call of this case for argument.[1] The appeal is thus considered abandoned and dismissed pursuant to LSA-CCP Art. 2162; Rule VII, Section 5(b), Uniform Rules — Courts of Appeal, Vol. 8, LSA-R.S., Page 392.
Plaintiffs have appealed separately asking that this court hold that Wade Walker was negligent, proximately causing the accident and also asking for an increase of quantum.
Both in brief and at oral argument plaintiffs’ attorney stressed that the appeal relative to Walker’s actions was taken only *912 as a precautionary measure in the event that the Department of Highways would ultimately be absolved from liability, and that in truth, plaintiffs did not feel that ■ Mr. Walker and his insurer were responsible under the facts of this case. In that the judgment against the Department of Highways will stand under the circumstances aforementioned, we consider that plaintiffs have in effect abandoned their appeal against defendants Walker and his insurer. We therefore do not pass upon the question of the possible negligence of Wade Walker, which leaves quantum as the only remaining issue.
The parties involved in the accident in the Claiborne vehicle were Mr. and Mrs. John Claiborne and five minor children, Carla, Cathy, Cynthia, Tony, and Parthen-ia. Carla admittedly sustained no injuries. The district judge found that the other three minor children, excluding Parthenia, also received no injuries except for a degree of emotional upset. As a result he awarded the father $100.00 on behalf of each of these three children. Insofar as Parthenia is concerned, the trial judge noted that she received emergency treatment as well as doctor’s treatment several days after the accident. The child’s injuries consisted of abrasions of the chin and chest. As a result John Claiborne was awarded $400.00 on behalf of his daughter, plus medical expenses in the amount of $80.00.
In respect to Mrs. Claiborne, the judge noted she was hospitalized one day and treated several times through the next couple of months for small cuts on the head, face, and right eyebrow, as well as chest and neck trauma. Also noted was the fact that glass particles had to be removed from her eyebrow. Plaintiff claimed scarring by reason of the cut over the eyebrow but nothing in the record substantiates this contention. As a result the trial judge awarded Mrs. Claiborne $2,000.-00 damages, plus medical expenses in the amount of $99.50.
As pointed out in his opinion the most seriously injured person was John Claiborne, an elementary school teacher by profession. He received multiple abrasions in the right shoulder area, a severe compound comminuted fracture of the left tibia and fibula involving the knee joint, a laceration of the right index finger, and minor burns caused by gasoline. The record also illustrates his period of suffering, his hospitalization (about 2}4 weeks) including surgery, cast, crutches, braces, as well as his period of recuperation and physical therapy. A permanent disability of the lower left extremity is estimated to be 30% to 40%. As a result the trial judge awarded John Claiborne the sum of $25,000.00 (for pain, suffering, and disability), $2,775.62 in medical expenses, and loss of earnings in the amount of $7,750.00. Loss of future earnings were disallowed.
Plaintiff on appeal seeks the following: (a) An additional $250.00 each for the three minor children, Cathy, Cynthia, and Tony; (b) An additional sum of $800.00 for Par-thenia Claiborne; (c) An additional award of $2,000.00 in favor of Mrs. John Claiborne; (d) An additional $20,000.00 award for the plaintiff John Claiborne; (e) Future wages in the sum of $10,000.00.
The trial court is given great and wide discretion in the awarding of damages to a party. It is only when the Judge abuses this wide discretion that the appellate court will disturb his award. See: Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Ballard v. National Indemnity Co. of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
Considering all of the facts and circumstances herein, we find .no abuse of the trial judge’s discretion in his awards here *913 in. In addition plaintiffs failed to prove any loss of future wages.
For the above and foregoing reasons the judgment of the trial court is affirmed at the Louisiana Department of Highways’ costs.
Affirmed.

. Subsequent to argument defendant — Department of Highways did file a formal motion in this Court to dismiss its appeal.