BOLIN, Judge.
Plaintiffs, husband and wife, sue for personal injuries received by the wife and special damages incurred by the community caused when an automobile driven by Richard Gilpin, insured by State Farm Mutual Automobile Insurance Company, struck the rear of the Creasman car driven by the wife. The lower court awarded Mrs. Creasman $4500 for her personal injuries, the husband $355.43 for special damages and defendants appeal.
Counsel for defendants do not assign any errors on the question of fault, but limit their argument in this court to the alleged excessiveness of the award for Mrs. Creas-man’s injuries. In addition to numerous minor complaints, Mrs. Creasman’s injuries resulting from the accident may be generally characterized as:
(a) A moderate cervical strain with accompanying severe pains and discomfort which persisted for several months but with no apparent residual disability.
(b) Injuries to her left knee resulting in effusion or fluid in the knee joint.
Subsequent to her injury Mrs. Creasman received medical treatment for several months during which time she wore supports and a knee cage or brace. The treating specialist examined her approximately seven months after the accident and speaking of her knee said:
“Q. Do you feel that at that time she had reached a level of recovery?
“A. I felt she had recovered as well as she would for a long period of time. I would not expect the- — as I say, I expect the knee to flare up from time to time, but she is probably about as well as she is going to get for a long time.”
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” (La. C.C. Art. 2315). Determination of the amount an injured party is entitled to recover against the wrongdoer to repair his damage is a function entrusted to the judicial branch of our government. On arriving at such an award the following portion of the Louisiana Civil Code Article 1934 (3) is controlling:
* * * * * *
“In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must he left to the judge or jury * * * ” (Italics supplied.)
It is the constitutional duty of this court to review both the law and facts of the proceedings below in order to' ascertain whether the trial judge abused his discretion in arriving at an award in a tort action. See Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) and Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964). *881 From our study of the record we conclude such discretion was not abused in making an award of $4500 to Mrs. Creasman for her injuries.
The judgment appealed from is affirmed at appellants’ cost.
Affirmed.