438 So.2d 264 (1983)
CITY OF NEW ORLEANS, et al.
v.
UNITED GAS PIPE LINE COMPANY.
No. CA 0748.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1983.
*265 Michael R. Fontham, Wayne J. Lee, Paul L. Zimmering and Stephen G. Bullock, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, Marshall B. Brinkley, Baton Rouge, for appellant, Louisiana Public Service Commission.
Donald R. Mintz, Constance Charles Willems, Ellis B. Murov, McGlinchey, Stafford, Mintz & Cellini, New Orleans, for Blake Arata, et al., Individually and as Representatives of the Class of Electric Ratepayers of NOPSI.
C. Murphy Moss, Jr., Ernest L. Edwards, George Frazier, and Mary Ann Coffey, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, W. DeVier Pierson, Peter J. Levin, David J. Hill, and Mark Ely Greenwold, Pierson, Semmes, Crolius & Finley, Washington, D.C., for defendant-appellee.
Before GARRISON, KLEES and AUGUSTINE, JJ.
GARRISON, Judge.
This is an appeal from a November 29th, 1982 judgment of the district court denying the Louisiana Public Service Commission's (hereinafter L.P.C.) motion to intervene in a suit by New Orleans Public Service Incorporated (hereinafter NOPSI) against United Gas Pipeline.[1]
On July 1, 1952, NOPSI and United Gas Pipeline entered into a contract whereby United Gas agreed to supply gas to NOPSI. The contract was for a 23 year term and was due to and did expire on June 1, 1975. In the instant suit NOPSI, as co-plaintiff with the City of New Orleans and a certified class of citizen ratepayers, alleges that around 1971 defendant breached the contract. NOPSI seeks to recover the costs of alternative fuels, conversion of generating facilities, increased taxes, and lost profits, all resulting from the alleged breach.
The instant appeal deals solely with the judgment of the district court denying L.P. C.'s motion to intervene in the suit between NOPSI and United Gas Pipeline.
On November 8, 1982, L.P.C. filed its motion to intervene in the NOPSI suit. In its motion, L.P.C. states the following grounds for intervention:
"3. By virtue of the foregoing, (the January 1st transfer), the Louisiana Public Service Commission became vested with the authority and responsibility of regulating the rates and other fees and assessments charged by NOPSI to its rate payers and accordingly, acquired an interest in assuring that there be a recovery in this action so that the Louisiana Public Service Commission may subsequently determine the appropriate application of any sums recovered, for the benefit of NOPSI's rate payers." (emphasis supplied).
In its initial petition, NOPSI prayed that any sums recovered be placed in the registry of the court for distribution to the consumers. The City and the Class both joined in this request, long before the motion to *266 intervene was filed. L.P.C. had previously opposed the certification of the class, arguing that it should be deemed the sole representative of the consumers. That argument was denied by the trial court and the class was certified. The question of the certification is not now before this court.
Counsel for the class argues that L.P.C.'s "interest" in the matter before us is in awarding and distributing damages for the alleged breach. Counsel further argues that the awarding of damages is solely a judicial function under Art. V, Louisiana Constitution of 1974 and C.C.P. Art. 1. We agree.
Article V § 1, Louisiana Constitution of 1974 provides as follows:
"The judicial power is vested in a supreme court, courts of appeal, district courts and other courts authorized by this article."
The concept of separation of powers is a long-standing and consistent one under both the American and the Louisiana system. Thus the 1878 holding in State v. Police Jury, 30 La.Ann. 287, 291 that "Judicial power can be exercised only by the courts mentioned in the constitution" is still good law in 1965, in Creasman v. Gilpin, 175 So.2d 879, 880 (La.App.2d 1965), "Determination of the amount an injured party is entitled to recover against the wrongdoer to repair his damage is a function entrusted to the judicial branch of our government."
In the instant case L.P.C. suffered no injury or damage, was not party to the contract, and was not a party to or injured by the breach. In short, L.P.C.'s "interest" is not in the principal object of the suit. L.P.C. seeks to assert an "interest" in the monetary by-product of the judicial process. L.P.C.'s "interest" in this case is more than a passing fancy or curiosity but certainly much less than a legal interest. L.P.C. seeks to substitute its own judgment for that of the trial judge in awarding and allocating damages. Such action, if allowed, would constitute a dangerous precedentan untenable usurpation and encroachment of the judicial function.
We feel that some of the confusion in this case arises from the class action type of trial. In the class action suit, issues are trifurcated. In phase one, liability is argued and decided, in phase two, quantum for the whole group of recipients is argued and decided such that the funds are placed in the registry of the court in a lump sum, and in phase three, individual members of the class prove their individual amount of loss to the trial judge and are awarded an individual amount or the trial judge may order a fluid class recovery method. The City and class argue that L.P.C. is trying to usurp a judicial function in prescribing the phase three area of the trial judge's function and we agree. On these grounds, we find that the trial judge properly denied L.P.C.'s motion to intervene.[2] Lastly, we note that if the intervention had been granted, it would have been subjected to the challenge of an exception of no right or no cause of actiona challenge which the intervention could not withstand.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.
KLEES, J., concurs with written reasons.
KLEES, Judge, concurring.
I agree with the majority opinion in its well reasoned analysis. In my view however, I find that LSA-C.C.P. Art. 1033 allows an incidental demand to be filed after the time the answer to the principal demand is filed only with leave of Court. In this instance the Motion of the Louisiana Public Service Commission to file a Petition of Intervention was filed November 8, 1982 *267 some eleven months after the start of a complex and tedious trial.
In his Reasons for Judgment the Trial Court stated,
"A resolution of this litigation in the not too distant future on the trial level is mandated. The intervention herein requested by Louisiana Public Service Commission would breach the mandate and cannot be justified either in law or equity."
His denial of the motion was well within his authority and I can find no manifest error in his decision.
NOTES
[1] There are also two other suits, Gulf States Utilities v. United Gas Pipeline and LP & L v. United Gas Pipeline, which have been consolidated with this case. The other consolidated suits are not before us at this time as the L.P.C. is already a party to those suits.
[2] We note that the City of New Orleans is a party. The City's petition alleges that it is a party in two capacities "as an individual member of the class, and in its regulatory capacity..." (Tr. Vol I, p. 1). The City, a major consumer, is indeed a member of the class. The question of whether the City could be a party in its "regulatory capacity", however, is not before this court as the present appeal deals only with the judgment of November 29, 1982.